KAISER, Respondent, v. KLEIN, Appellant.

(137 N. W. 52.)

**Specific Performance—Contract Embracing Homestead—Knowledge of Vendee—Invalid Contract—Evidence of Value of Homestead—Tender.**

Under Pol. Code, Sec. 3217, making a conveyance of homestead invalid unless joined in by both husband and wife, a contract by a husband alone to convey 320 acres of land. 160 acres of which, to knowledge of purchaser, was the homestead of vendor and his wife, was wholly invalid; and, there being no terms or conditions in the contract by which to determine the valuation, if any, which the parties placed on any separate tract embraced in the contract, the contract being indivisible in that regard, and the purchaser knowing the contract was, as to the homestead, invalid, **held,** the contract cannot be specifically enforced; that, although the purchaser tendered entire purchase price and demanded conveyance of the whole 360 acres, and the trial court admitted evidence as to value of the homestead, and decreed that, on payment of the purchase price less value of homestead as found, such decree and the order denying new trial should be reversed.

(Opinion filed, June 25, 1912.)

Appeal from Circuit Court, Roberts County. Hon. FRANK C. McNULTY, Judge.

Action by Peter Keiser against Nic. W. Klein, for specific performance of a contract for purchase of lands, embracing a homestead. From a decree for plaintiff and an order denying a new trial, defendant appeals. Reversed, with directions to dismiss action.

*J. J. Batterton and E. J. Turner,* for Appellant.

The findings and decree also establish the fact that the plaintiff at all times adhered to the theory that the contract was not enforceable as to the homestead. This being the situation, it is clear that the undisputed evidence and proceedings herein show that as soon as the defendant's wife was informed of the making of the contract in question that she disapproved of the same and refused to recognize it or to be bound by it, and also refused to execute any deed of conveyance of any part of the land covered by the contract.

There was no evidence of bad faith on the part of the defendant in refusing to perform, and which would necessarily have to be shown in order to entitle the plaintiff to damages under the provisions of Civil Code, section 298.

The defendant offered to prove (Record page 49), that the homestead in question constituted a part of the entire tract of land described in the contract, and which entire tract was used and occupied as one complete farm or tract, and was chiefly valued by reason of its being one farm, and that it was used and occupied by the defendant as such, and that he had the necessary teams, machinery, buildings, etc., to operate the same as one entire farm, and that it was therefore most valuable to him when used in this way, but the court sustained plaintiff's objections made to all of this line of testimony (Record pages 50-51).

At the close of plaintiff's evidence (Pages 35, 36, 37), the court eliminated all questions of fact except the value of the home stead at the date of the contract, set out as Exhibit "1," and the trial thereafter proceeded in accordance with this ruling of the court.

Specific performance cannot be decreed as to lands other than the homestead where the contract to convey is for a gross sum, and embraces the homestead of the defendant, and this is the rule by reason of the fact that the court considers that to allow partial specific performance is in effect the making of a new contract for the parties by the court, which is not permitted. Phillips v. Stauch, 20 Mich. 369; Hall v. Loomis, 63 Mich. 709, 30 N. W. 374: Barnett v. Mendenhall, 42 Ia. 296.

Prior to the adoption of Sec. 3217, Pol. Code, by the Territory of Dakota it had been construed by the Supreme Court of the state of Iowa, in Barnett v. Mendenhall, 42 Iowa, 296; Goodrich v. Brown, 63 Iowa, 287, 18 N. W. 893; Woolcot v. Lerdel, 78 Iowa, 673, 43 N. W. 609, in which the court held that a contract to convey land embracing a homestead tract, made by the husband alone was void, not only as to the homestead which might be selected, but also as to the entire tract, and specific performance

could not be allowed as to any portion of the land embraced in such contract.

The following more recent Iowa cases adhere to and approve the proposition laid down in Townsend v. Blanchard, 117 Iowa, 36, 90 N. W. 519, to the effect that were it not for the amendment to the Iowa statute allowing partial specific performance of such contracts, that such a contract would be wholly void and unenforceable: Pryne v. Pryne, 116 Iowa, 82, 89 N. W. 108; Wheelock v. Countryman, 133 Iowa, 289, 110 N. W. 598; Lamb v. Cooper, 150 Iowa, 18, 129 N. W. 323.

In North Dakota it was held in Silander v. Gronna, 15 N. D. 552, 108 N. W. 544, that a contract for the conveyance of the homestead under their statute, which is the same as ours, is wholly void, where the same covers the homestead and is not signed by the wife, and that such contract is invalid for any purpose, and would not sustain an action against the husband for damages for its breach.

We submit that it is evident from a careful reading of the contract for the sale of the land that it was intended by the parties thereto to be an entire and indivisible contract, for the reason that the entire tract of land agreed to be conveyed is described therein, and the lump sum of $14,400.00 is agreed to be paid therefor, as the purchase price thereof, no certain amount being stated as the value per acre, per tract, or otherwise.

It will be seen that it was agreed between the parties that if the title to the "said premises," which of course could only refer to the entire tract, is not good and cannot be made good June 1, 1910, "this agreement shall be void, and the above two thousand dollars refunded, but if the title to said premises is good in the name of the defendant on or before said date, and the purchaser refuses to accept, the said two thousand dollars shall be forfeited to the defendant." The contract contains the further final clause that "said forfeiture shall in no way effect the rights of either party to enforce the specific performance of this contract." It being considered that the title was not good in the defendant, and could not be made good, by reason of the refusal of his wife to convey, it will be clearly seen that the final clause relating to spe-

cific performance is not applicable in this action, and that the provision of the contract providing for the determination of the contract in case of the failure of the title must control, and that the sole right and remedy of the plaintiff is to receive back his two thousand dollars, in accordance with the terms of the contract, and which the undisputed evidence shows the defendant not only attempted to, but has at all times been ready and willing to return.

We will now proceed to discuss the second proposition. That it does not appear from either the pleadings, evidence or findings, that the defendant and appellant has received or will receive an adequate consideration for the contract, nor that such contract is as to the defendant just and reasonable, in accordance with the requirements of our Civil Code, section 2345, and hence that the court could not properly make findings nor enter judgment for specific performance as to any part of the land covered by the contract.

Section 2345 of the Revised Civil Code of the state of South Dakota is as follows:

"Specific performance cannot be enforced against a party to a contract in any of the following cases:

1. If he has not received an adequate consideration for the contract.

2. If it is not, as to him, just and reasonable.

3. If his assent was obtained by misrepresentation, concealment, circumvention or unfair practice of any party to whom performance would come due under the contract, or by any promise of such party which has not been substantially fulfilled; or

4. If his assent was given under the influence of mistake, or surprise, except that where the contract provides for compensation in case of mistake, a mistake within the scope of such provision may be compensated for, and the contract specifically enforced in other respects, if proper to be so enforced."

There is no allegation, evidence or record to the effect that the defendant has received or will receive an adequate consideration for the contract, nor that the contract is as to the defendant just and reasonable. It is apparent that the trial court, in making

its findings and entering its judgment for specific performance and in overruling and denying the motion of defendant and appellant for a new trial has violated and disregarded the positive rules of law set forth in the statute quoted, as such statute has been interpreted and applied by the Supreme Courts of this state and of California. Phelan v. Neary, 22 S. D. 265; Agard v. Valencia, 39 Cal. 292; Bruck v. Tucker, 42 Cal. 346; Stiles v. Cain, 134 Cal. 171, 66 Pac. 232; Marsh v. Lott, (Cal.) 97 Pac. 163. A late California case, that of Martin v. Condrey, found in 110 Pacific Reporter, 457.

A contract cannot be enforced when its terms are ambiguous; a contract will not be enforced unless in the making of the same there has been an exact meeting of the minds of both parties thereto upon every essential feature thereof; and furthermore, that specific performance is decreed only as a matter of favor at the hands of the chancellor, and never as a strict legal right. Meyer Land Co. v. Pecor, 18 S. D. 466; Chambers v. Roseland, 21 S. D. 298; Miller v. Tjexhus, 20 S. D. 12; Sec. 1245-8, Rev. Civ. Code, S. D.

The fact that the contract lacks the essential feature of mutuality of remedy bars the right of plaintiff to specific performance of the instrument. Pom. Eq. Jur., Sec. 1405; 36 Cyc., 621-29; Welty v. Jacobs, (Ill.) 40 L. R. A. 98.

*J. W. Barrington* and *Geo. S. Rix,* for Respondent.

The complaint sets out briefly the following facts and the description of the land involved, plaintiff's election to a specific performance of all of the land exclusive of the homestead; that the land outside of the homestead is not connected with and is separated from the homestead and that the same can be conveyed without any injury to the homestead; it sets out the contract between the parties for the purchase of this land, the price and the value of the land, the amount paid upon the contract and the amount remaining unpaid, and then sets out the offer to make the payments according to contract by the plaintiff and the defendant's refusal to accept the same and to execute a deed or in any manner to comply with this contract. These facts were all proven at the trial. The value of the homestead was shown. The con-

tract was pleaded in the complaint and received in evidence. It recites a consideration of $14,400.00. The contract proves a consideration and the presumption is that the land was reasonably worth and of the value agreed upon in the contract.

If the rule of practice established by the Supreme Court of California should be applied, we say that the complaint and proof offered in this case comes within the rule of practice fixed by the California court.

The complaint sets forth fully the nature and character of the consideration which is all that is required. Mayger v. Cruse, 5 Mont. 485; Park v. Johnson, 4 Allen (Mass.) 259.

The evidence shows clearly that this contract was made in good faith; that there was a full and complete understanding on the part of each party and that there was no fraud or deception and that there was not even a scintilla of evidence to show that this contract was unfair or unconscionable. There is not the slightest evidence to impute to the plaintiff that any unfair advantage was taken. This rule is too well founded to require a citation of authority. See, Seymour v. Delancy, 15 Am. Dec. (N. Y.) 270, which case reviews the authorities.

It is argued by appellant that section 2345 of the Civil Code has altered the practice and that plaintiff, stepping into the court of equity, is now obliged to plead and prove an adequate consideration and that it is just and reasonable as to the defendant; that there has been no misrepresentation or concealment and that there has been no mistake or misapprehensions. The provisions of this section simply declare the old established rules of common law, that is, if it appears that there has been any unfairness in the transaction a court of equity will not enforce the contract.

When a consideration is shown and stands unimpeached and the evidence shows that all other conditions of the contract has been performed by the plaintiff in the absence of fraud or concealment or unconscionable advantage, the plaintiff has made out a case which should appeal and has appealed to all the courts. Morris v. Lewis, 33 Ala. 53; Windsor v. Miner, 124 Cal. 492.

Inadequacy of consideration as recited in the contract at the time of the making of the same may always be shown, but it is

not enough to defeat the action unless it shocks conscience. Morrill v. Everson, 19 Pac. (Cal.) 190; Lee v. Kerby, 104 Mass. 420; Conrad v. Schwamb, 10 N. W. (Wis.) 395.

When the plaintiff has shown the making of a contract, fair on its face and not tainted with fraud and that the plaintiff has complied with the terms of the contract with respect to payment, the burden falls upon the defendant to show any facts which would avoid the contract or deprive the plaintiff of the redress sought. This is the holding in the case of Park v. Johnson, 4 Allen, 259, supra.

The holding of our own court is in harmony with the rulings of all the states save California. Phalen v. Neary, 22 S. D. 265; Herman v. Winter, 105 N. W. 457.

In view of the fact that the plaintiff in this action does state the valuation of the land; that the proof in the nature of the contract, which is undisputed, shows a consideration and value of the land and the court in its findings did find the value of the land, exclusive of the homestead, to be the difference between the valuation of the land as fixed in the contract and shown by the evidence; and the value of the homestead which was found to be $7,250.00, which after allowing the defendant credit for the payment of $2,000.00 the amount of the mortgage existing against the land outside of the homestead and the remaining amount due upon the school tract left the sum of $1,185.32 to be paid by the plaintiff to the defendant, we contend that the values were found by the court.

Let us next consider the question whether or not the plaintiff is entitled to a specific performance of all of the land included in the contract exclusive of the homestead. This is purely a question of law. The pleadings and evidence establish the fact that part of the land agreed to be conveyed by this contract was the homestead, and the court found from the evidence that these tracts could be separated from the homestead without resulting in any injury to it. That as a matter of law the homestead could not be conveyed without the signature of the wife and that this contract would not be binding upon her as to the portion of the contract referring to the homestead, and would be absolutely void as

a matter of law which both parties of the contract were bound to know. It then becomes mere surplus in the contract.

Purchasers are entitled to enforce their contracts in so far as possible, and at the same time have damages for non-performance of the entire contract. It follows that we agree with the conclusions of the trial court in this branch of the case. Mather v. Wooley, 115 N. W. 654.

The Iowa Supreme Court recognized the right to compel specific performance as against the husband as to land outside of the homestead in decisions rendered prior to the amendment referred to in appellant's brief. Hessim v. Linastruth, 65 N. W. 399; Thompson v. Colby, 103 N. W. 117.

In the case of Wildes v. Venvoorhis, 15 Gray 139, in speaking of a statute declaring a conveyance of the homestead void unless signed by the wife and of a contract which included land in excess of the homestead the court says, "The sole object of the prohibition is to preserve and secure the homestead right."

We would call the court's attention to the case of Weitzner et al. v. Thiengstad, reported in 56 N. W. 817.

This view is sustained by the majority of the court that the deed covering a homestead and other lands whose value exceeds the statutory exemption, although it is invalid as to the homestead, may yet be sufficient to convey that portion of the property which is in excess of the homestead. 21 Cyc. 537; 25 Cent. Digest under the title of Homestead, Sec. 223, page 537; 104 N. W. 10; Potter v. Potter, 72 Pac. 702; Teske v. Dittbernes, 98 N. W. 57; 93 Ill. 386; 130 Ill. 415; 9 Wheaton, 673; 2 Peters, 216-235.

The rule of law applicable to the principal question in this case is found in Vol. 36 Cyc., page 740.

"Though a contract to convey land may be void as to part, as the homestead of the grantor, specific performance of the residue may be required where the homestead is separable from the other property involved. Am. & Eng.. Enc. of Law, Second Ed. Vol. 26, page. 24; Engle v. White, (Mich.) 62 N. W. 154; Deere v. Chapman, 25 Ill. 610; McDonald v. Crandel, 43 Ill. 231. Other cases supporting this line of reasoning are: Pyrne v. Pyrne et al., 89 N. W. 108 (Iowa); Siers v. Hanks, 84 A. D. (Ohio) 378;

Ridgeway v. Mason, 23 Ohio State, 296; McConnell v. Lee, 31 Ohio State, 451; Dihel v. Feister, 37 Ohio State, 477; Maslin Angenko v. Carr, 71 S. W. (Ky.) 859; Hall v. Busch, 54 Miss. 437; Wyman v. Hudson, 66 Texas, 1, 17 S. W. 110; Atkinson v. Atkinson, 37 N. H. 434; Peck v. Ormsby, 55 Hun. 265, 8 N. Y. Suppl. 372; Hildebrand v. Taylor, 6 Lea (Tenn.) 659; Hait v. Houle, 19 Wis. 496; Swift et. al. v. Dewey et al., (Neb.) 29 N. W. 254.

The defense set up in defendant's answer were two, namely: that part of the land was a homestead, and that the contract was one and indivisible. Again this shows the theory of the defense, that he must show these things to defeat the action.

WHITING, J. The defendant, a married man, entered into a contract with plaintiff, whereby he contracted to sell and convey, and the plaintiff contracted to purchase, 360 acres of land in Roberts county, S. D., for the lump sum of $14,400. This contract was not signed by the wife of defendant, though the said land, which comprised three separate and distinct tracts, contained one tract of 160 acres which was the homestead of defendant and wife, upon which they were residing at the time the said contract was executed. This action is brought by plaintiff to enforce the specific performance of such contract so far as the land other than the homestead is concerned. Plaintiff asked that there be abated from the agreed purchase price an amount equal to the value of said homestead tract. There are absolutely no terms or conditions contained in said contract under which one can determine the valuation, if any, which the parties to said contract placed upon any separate tract of land; said contract being, in its nature, clearly indivisible in that regard. It was conceded by the plaintiff, as shown by his sworn testimony, that, at the time he entered into said contract, he knew part of said land was defendant's homestead and that a contract in relation thereto was invalid without the signature of defendant's wife. The evidence shows that, prior to bringing the action, plaintiff tendered to defendant the total agreed purchase price and demanded a conveyance of the whole 360 acres of land. There is no claim that he tendered the full contract price and asked a conveyance of the land other than

the homestead, or that he ever tendered the full contract price less the value of the homestead and asked for a conveyance of the land other than the homestead. Upon the trial by the circuit court sitting without a jury such court allowed proof of the value of the homestead. The trial court entered a decree adjudging that. upon payment of the said $14,400 less the value of the homestead as found, the defendant should be required to convey to plaintiff the said land other than the homestead. From such decree and order denying a new trial defendant has appealed. It is conceded that under section 3217 of the Political Code of this state the said contract, so far as it purports to relate to the homestead, was of no validity; said section reading as follows: "A conveyance or incumbrance by the owner of such homestead shall be of no validity unless the husband and wife, if the owner is married, and both husband and wife are residents of this state, concur in and sign the same joint instrument, except as provided in the next two sections."

It is the contention of appellants that, under said section, there is no contract which can be enforced in part by the court. Appellant also contends that, even if the contract was otherwise valid and binding upon the parties and such as, if unenforceable in toto, might yet support a decree for specific performance as to part of the land with or without damages for breach as to the remainder, such relief could not be claimed herein for the reason that plaintiff knew of the homestead character of part of the land at the time said contract was entered into and knew that such con-contract was invalid at least to the extent of the homestead land. Respondent contends that the facts of this case bring this contract under the well-established rule under which a vendee may have specific performance of the contract so far as it covers lands the title to which the vendor is able to convey, and may have an abatement from the contract price for that part of the land which he does not obtain. Respondent quotes the following from 36 Cyc. 740: "Although the purchaser cannot have a partial interest forced upon him; yet, if he entered into the contract in ignorance of the vendor's incapacity to give him the whole, he is generally entitled to have the contract specifically performed as far as the

vendor is able, and to have an abatement out of the purchase money for any deficiency in title, quantity, or quality of the estate. This is not making a new contract for the parties, since the vendor is not compelled to convey anything which he did not agree to convey, and the vendor pays for what he gets according to the rate established by the agreement." It should not be overlooked that such rule contemplates a contract which is legal and in every respect binding as between the parties, but which is unenforceable in part and unenforceable for some reason *unknown to the vendee when he entered into the contract*.

Bearing in mind the fact that part of this land was a homestead, we find that the only valid contract (if any valid contract was entered into) was one to convey the land other than the homestead for the contract price of $14,400. This is especially true for the reason that respondent knew the contract was invalid as to the homestead. But, in view of the provisions of our statute, should such a contract be held to have any validity? We think not. Certainly the parties, though they knew of the invalidity of the contract so far as it related to the homestead, did not intended to enter into any other contract than one covering all of said 360 acres of land, and the court should not make any other contract for them. It will thus be seen that this case differs in a most essential particular from those cases where parties have made a valid contract which *valid* contract the court seeks to enforce so far as possible. It must at all times be borne in mind that a contract to convey land, part or all of which is not owned by the vendor, is valid unless declared invalid by express statute and the vendee can recover in damages for a breach thereof or can enforce specific performance even as to land not owned by vendor at time of contract if vendor has afterwards acquired title to same. Barnett v. Mendenhall, 42 Iowa, 296. It is such a contract, wholly valid, and not a contract such as the one before us, to which the rule quoted from 36 Cyc. applies.

But even if the contract were valid, yet, under the very authority quoted, respondent has no standing in a court of equity owing to the fact that he knew the true situation when he entered into such contract. In 2 Pomeroy's Equitable Remedies, §

833, it is said: "But to be entitled to specific performance with compensation, the buyer must, generally, have been unaware of the deficiency at the time of the bargain." In the case of Knox v. Spratt, 23 Fla. 65, 6 South. 924, the court says: "It seems to be now settled that the enforcement of a specific execution of a contract is not a matter of right in either party, but a matter of sound reasonable discretion in the court. Story's Eq. Jur. § 742; Blackwilder v. Loveless, 21 Ala. 371. And the court uniformly refuses to decree a specific performance except in cases where such decree would be strictly equitable. Id. The doctrine that in case the vendor is unable to comply with the contract by reason of not having a legal title to all the land sold, yet that the vendee is entitled to a specific performance of the contract for such as lies in the power of the vendor to convey with compensation for the residue, is undoubted. This principle, however, is qualified in its operation and cannot be invoked by a purchaser who at the time of the making the contract had notice of the fact that the vendor had a limited interest in the land. See White & Tudor's Leading Cases, p. 1071, vol. 2, pt. 2, and cases there cited. In this case notice was given at the time of the sale that there was a deficit in the claim of title which the company would remove. With this knowledge the purchaser does not come within the rule laid down 'that in equity the purchaser, though he cannot have a partial interest forced upon him, yet if he entered into the contract *in ignorance of the vendor's incapacity to give him the whole,* he has a right to insist that the vendor shall convey to him so much as is in his power to do.' The complaintant's bill admits that he had the notice, and he is therefore not such a purchaser as equity will aid in demanding a performance of part of the contract with compensation for the residue. Adams' Equity, p. 90."

In the case of Lucas v. Scott, 41 Ohio St. 636, a case in many respects analogous to the case at bar, the court said: "The rule is well settled 'that a vendor whose estate is less than or different from that which he agreed to sell, or who cannot give the exact subject-matter embraced in his contract, will not be allowed to set up his inability as a defense against the demand of a purchaser who is willing to take what he can get with compensation for that

which the vendor cannot convey.' Pomeroy's Sp. Per. § 438, and authorities there referred to. This rule, however, is limited to those cases in which the purchaser had no knowledge, at the time the contract was made, that the interest of the vendor was partial, that his title was defective, or that the subject-matter was deficient."

The same exception to the general rule is noted in the notes following case of Eppstein v. Kuhn, 10 L. R. A. (N. S.) on page 119.

The judgment of the trial court and order denying a new trial are reversed, with directions to the trial court to dismiss the complaint herein.