VILAND et al, Appellants, v. BOARD OF EDUCATION of Independent School District of Veblen et al, Respondents.

(158 N. W. 906.)

(File No. 3967. Opinion filed July 29, 1916. Rehearing denied January 6, 1917.)

1. Appeals—Record—Review—Immaterial Matter, Request for Elimination of, When Considered.

Appellants' request on appeal, that portions of settled record be eliminated, will not be considered, where appellants concede in their brief that such matter is immaterial upon the appeal.

2. Constitutional Law, Private or Special Laws, Validity—Province of Legislature.

Laws 1915, Ch. 8, validating the proceedings under which an independent school district was attempted to be created, and a school election held pursuant thereto, held, not to be inhibited by Cont., Art. 3, Sec. 23, prohibiting the enactment of private or special laws where a general law can be applicable; since it is the province of the Legislature to determine when a general law might be applicable.

**3. Schools—Creation of Independent District—Curative Act—Legislative Discretion—Jurisdictional and Non-jurisdicitional Acts, Distinguished.**

Laws 1915, Ch. 8, validating proceedings in the formation of an independent school district, which proceedings were had under Laws 1907, Ch. 135, Art. 11, is not unconstitutional; the power to pass curative statutes being unlimited except as imposed by constitutional limitations, and, the formation of school districts not being in any way limited by the Constitution, is wholly within the legislative power and discretion; nor is such curative statute one attemptng to validate an act originally void for want of jurisdiction; there being a distinction between acts which condition the exercise of the legislative power, and acts which are merely regulatory, legislative power being conceded; the act in question being one of the latter class.

Appeal from Circuit Court, Marshall County.  HON. THOMAS L. BOUCK, Judge.

Action by A. Viland and others, against the Board of Education of the Independent School District of Veblin, and others, to enjoin defendant district from isuing bonds for erection of a schoolhouse, and the levying and collection of taxes therefor. From a judgment for defendants, plaintiffs appeal. Affirmed.

*Sherin and Sherin,* for Appellants.

*Batterton & Bunde,* for Respondents.

(3) To point three of the opinion, Appellant cited: Laws 1915, Ch. 8; Chase v. Trout, 146 Cal., 356; State ex rel Board of Education v. Brown, 5 L. R. A. (N. S.), Notes on Page 329 and 330; Cole v. Door 22 L. R. A. (N. S.), Notes on page 535; McGillie v. Corby, 17 L. R. A. (N. S.), 1265; 28 Cyc., page 212; Moran v. Thomas, 19 S. D. 419, 104 N. W. 212.

Respondent cited: Stuart et al. v. Kirley, et al., 12 S. D. 246, Cooley on Const. Lim. pp. 528-231; State v. Squires, 26 Iowa, 340; Richmond v. Board of Sup'rs.; (Iowa) 42 N. W. 422.

SMITH, J.  The town of Veblen is an incorporated town covering an area of 40 acres. In the month of April, 1914, the voters of the town sought to organize an independent school district taking in a considerable amount of adjacent territory. Proceedings were had under article 11, chapter 135, Laws of 1907. In May, 1914, an election was called at which the voters of the town of Veblen and also the voters of the proposed adjacent territory

were permitted to vote. Ninety votes were cast in favor of the incorporation of the whole of said territory as an independent school district, and three votes against it.    Thereafter, in the same month, a special school election was called to elect school officers for such independent school district, at which election defendants were elected, thereafter in due time qualified, and have continued since to act as members of the board of education of such independent school district.    The regularity of all these proceedings being called in question, the Legislature, in March, 1915, passed an act legalizing all such proceedings and the attempted incorporation of "Veblen Independent School District of Marshall County, State of South Dakota."

The trial court found that, ever since its original attempted incorporation, said district had assumed and performed all the functions and duties of an independent school district, and had levied and collected taxes for the support thereof.    This action was to enjoin the independent school district and its officers from issuing bonds for the erection of a schoolhouse, and to enjoin the levy and collection of taxes upon plaintiffs' property outside the corporate limits of the town of Veblen.    Findings and judgment, that the plaintiffs take nothing by this action, and adjudging the bond proceedings regular, and the proposed issue of bonds valid and legal obligations of said district.

[1] Appellants first object to, and seek to eliminate from consideration, certain portions of the settled record, on the ground that such portions were not part of the transcript of the official stenographer, but merely transactions alleged by affidavit to have taken place in the trial court between counsel, and injected into the settled record as amendments.    Appellant's counsel, however, in their brief admit that the matter contained in the amendment is immaterial upon this appeal.    This court has many times decided that it will not consider upon appeal matters which do not affect the legal and substantial rights of parties litigant, and therefore must decline to consider the question thus attempted to be presented in appellants' brief.    Appellants' counsel further concede that if the organization of the independent school district with its existing boundary lines be held to be legal and valid by virtue of the curative act, such holding is decisive of this appeal.

[2] It is appellants' contention that the curative act (chapter 8, Laws 1915) is unconstitutional and void, in that it is special legislation, and is inhibited by section 23, article 3 of the state Constitution. The only provisions of section 23, article 3 (prohibiting the Legislature from enacting private or special laws), which could have any application in the present case, is the concluding clause which prohibits the enactment of special laws in any case where a general law can be applicable. This clause was construed by this court in Stuart v. Kirley, 12 S. D. 245, 81 N. W. 147, where an act of the Legislature (chapter 41, Laws 1897) "changing and defining the boundaries of Stanley county" was challenged as unconstitutional. This court pointed out that the special act was not invalid unless prohibited by the concluding clause of that section. It was held to be the province of the Legislature, and not of the court, to determine when a general law might be applicable. The court said:

"The general provision at the close of that section that 'In all cases where a general law can be applicable no special law shall be enacted,' is designed as a guide to the Legislature, and that body must itself determine whether or not a general law can be made applicable to the subject. * * * The protection against unwise or oppressive legislation, within constitutional bounds, is by an appeal to the justice and patriotism of the the representatives of the people. * * * The judiciary can only arrest the execution of the statute when it conflicts with the Constitution. It cannot run a race of opinions upon points of reason, right, and expediency with the lawmaking power."

[3] It is appellant's further contention that even if the curative act (chapter 8, Laws 1915) is not invalidated by this provision of the Constitution, the act itself is in excess of legislative power, in that it is an attempt to validate the organizaton of an independent school district, originally void for want of jurisdiction. Appellants cite many authorities in support of this contention, relying chiefly upon Chase v. Trout, 146 Cal. 350, 80 Pac. 81. That action was to declare invalid certain bonds issued upon assessment for street work. Numerous irregularities and defects in the proceedings leading up to the issuance of the bonds were alleged. The exact question under discussion was the power of the Legislature to make a tax deed or street bond conclusive

evidence of a compliance with all the provisions of the statute. The distinction between matters "jurisdictional to the exercise of the power" and matters of procedure not jurisdictional was under discussion. That court said:

"There has been some confusion as to the significance of the word 'jurisdictional' in this and other decisions on the subject. The respondent appears to claim that every act required by law to be done by any person, officer, or body in the course of the proceeding is 'jurisdictional,' in the sense here intended, so that its omission or defective performance ousts jurisdiction, and renders all subsequent acts void, and that none of these irregularities are affected by the curative clause. It can be easily shown that this would make the curative clause without substantial effect."

After discussing the distinction between acts essential to an exercise of the taxing power and those acts which constitute a part of the procedure in the exercise of conceded taxing power, the court, quoting with approval from Ensign v. Barse, 107 N. Y. 338, 14 N. E. 400, 15 N. E. 401, says:

" 'If the thing wanting or omitted which constitutes the defect is something the necessity for which the Legislature might have dispensed with by prior statutes, or if something has been done or done in a particular way which the Legislature might have made immaterial, the omission or irregular act may be cured by a subsequent statute.' * * * A curative statute or clause may preclude all investigation except 'the single inquiry whether, in the case presented, the effect of applying the statute is to deprive the party of his property without due process of law.' "

The court then proceeds to discuss the due process clause as affecting tax proceedings, which is immaterial here.

Appellants' counsel cite many additional authorities which hold that "jurisdictional" defects cannot be validated by curative legislative acts; but in each case the same distinction will be found, viz., the distinction between acts which condition the exercise of the legislative power, and acts which are merely regulatory, legislative power being conceded. Many if not all of the cases cited by appellants involved the levy and collection of taxes where no valid assessments existed. In such cases it is uniformly held that assessment or valuation is jurisdictional, and cannot be dispensed with by legislative enactment in the form

of curative acts. The cases quite uniformly recognize the rule that:

"A defect may be in one sense jurisdictional relatively to the authority of the assessors acting under an existing law, and yet not so as it respects the power of the Legislature to pass a statute curing the defect."

The power to pass curative statutes is without any limit except such as is imposed by constitutional restrictions or limitations. In re Com'rs of Elizabeth, 49 N. J. Law, 497, 10 Atl. 363; Blount v. City of Janesville, 31 Wis. 658; Chase v. Trout, supra.

The manner of creating and organizing school districts and the boundaries thereof is not limited or controlled by any provision of the state Constitution and is wholly within the legislative power and discretion. It is not for this court to determine whether that discretion has been wisely or unwisely exercised. Every law enacted by the legislative assembly, not forbidden or limited by some constitutional provision, must be enforced and obeyed by this court, as by every citizen of the state. The curative act involved in this case plainly is not within any one of the cases enumerated in the 11 subdivisions of section 23, article 3, and is not specifically prohibited. The decision of this court in Stuart v. Kirley, supra, is therefore conclusive and controlling in this case. The courts of California, Indiana, Texas, Colorado, Kansas, Nebraska, Oklahoma, Iowa, Illinois, and perhaps others where similar constitutional provisions exist, sustain the rule announced by this court in the Stuart Case. Sanitary District of Chicago v. Ray, 199, Ill. 63, 64 N. E. 1048, 93 Am. St. Rep. 102, and cases cited in note b.

This curative act, in direct and explicit terms, validates the proceedings under which the independent school district of Veblen was attempted to be created. It is therefore unnecessary to consider the question of irregularities in the proceedings under which the district was originally attempted to be organized and created, or the question of laches on the part of plaintiffs in instituting this proceeding. All other questions raised become immaterial. That portion of the judgment declaring the proceedings under which bonds are proposed to be issued, and the bonds, to be

regular and valid, is wholly immaterial to plaintiffs' rights upon this appeal.

The order denying a new trial and the judgment of the trial court dismissing plaintiffs' action are affirmed.