DAVEY, Appellant, v. McSHANE, Respondent.

(197 N. W. 680.)

(File No. 5486.   Opinion filed March 7, 1924.)

1. **Executors and Administrators—Decedents—County Courts—Order Directing Publication of Notice of Hearing on Application for Letters of Administration Proper.**

    Under Prob. Code 1903, Secs. 39, 88, relating to the notice of hearing on application for letters of administration, the county court may order the method of publication, which order when made must be complied with, though the statutes do not require the court to make and file formal order in that behalf.

2. **Executors and Administrators—Courts—Decedents—Court Held Not Without Jurisdiction to Administer Estate.**

    Where, pursuant to Prob. Code 1903, Secs. 39 and 88, a county court ordered the publication for three consecutive weeks of a notice of hearing on a petition for letters of administration, which notice was duly published, though the order itself was not filed so as to become effective under Code Civ. Proc. 1903, Sec. 317, until less than three weeks before the time appointed for the hearing, held, that the county court nevertheless acquired jurisdiction; the order directing such publication being in itself unnecessary.

3. **Executors and Administrators—Presumptions—Absence of Claims Against the Estate Presumed from Lapse of Time.**

    Where more than six years had elapsed after the final decree closing an estate, it will be conclusively presumed there were no creditors having outstanding rights, though the order directing publication for four weeks of notice to creditors had not been filed so as to become effective under Code Civ. Proc. 1903, Sec. 317, until about a week before the final publication.

4. **Constitutional Law—Statutes—Curative Laws—County Courts—Statute Validating Prior Orders Held Constitutional.**

    Where a thing wanting or remaining undone, and constituting a defect in proceedings, is something the necessity of which the Legislature could have dispensed with by a prior order, it is within its power to cure the defect by a subsequent law, and therefore the Laws of 1919, c. 5, providing, "All orders of the county court * * * prior to the taking effect of this act, and which have been heretofore attested by the clerk and filed in his office, are hereby declared to be legal, valid," etc., notwithstanding Code Civ. Proc. 1903, Sec. 317, is within the legislative power.

Appeal from Circuit Court, McCook County; Hon. L. L. Fleeger, Judge.

Action by H. M. Davey against Charles McShane. Judgment for defendant, and plaintiff appeals. Affirmed.

*Gardner & Churchill,* of Huron, for Appellant.

*C. H. McCay,* of Salem, for Respondent.

On necessity of regular probate to competently establish heirs of decedent and merchantable title, Appellant cited: Weitzel v. Leyson, 23 S. D. 367; Crosby v. Wynkopp ('Wash.), 106 Pac. 175; Foster v. Eoff (Tex.), 47 S. W. 399; Rev. Code 1919, Sec. 3470, as amended by Chap. 228, Sec. 4, Laws 1921; Union Savings Assn. v. Sommers, 40 S. D. 177; Stephens v. Faus. 20 S. D. 367; Brady v. Cooper (S. D.), 193 N. W. 246; Carter v. Frahm, 31 S. D. 379.

Respondent cited: Tripp v. Seilder, 38 S. D. 321; Spencer v. Lyman, 27 S. D. 471; Oldham v. Nelson, 38 S. D. 451; Ferry v. Samson, 112 N. Y. 415; Cambelling v. Pertin, 125 N. Y. 610; Nelson v. Jacobs, 75 N. W. 406; French v. Phelps, 128 Pac. 772; Van Gundi v. Scheweg, 133 Pac. 720; Pritchard v. Mohull, 118 N. W. 43; Ladd v. Weiskopf, 62 Minn. 29, 69 L. R. A. 785.

(4) To point four of the opinion, Appellant cited: Chap. 5, Laws 1919; State Constitution, Art. 6, Sec. 12; U. S. Const., Art. 1, Sec. 10; Art. 14, Sec. 1; Cooper v. Harvey, 21 S. D. 471; Kenny v. McKenzie, 23 S. D. 111; Hollister v. Donahue, 11 S. D. 497; Whitback v. McClenahan, 40 S. D. 246; Adams v. Kenoyer (N. D.), 116 N. W. 98.

Respondent cited: 12 C. J., p. 1091; Farnsworth Co. v. Title Co., 86 N. W. 877; Cooley Const. Limitations, p. 458; Clark v. Kansas City et al, 118 S. W. 40; Kearney v. Taylor, 16 U. S. 495, 14 L. ed. 787.

GATES, J. Plaintiff brought this action to recover a primary payment made on a contract for the purchase of land. The defendant sought a strict foreclosure of the contract, which was granted. Rev. Code 1919, §§ 2914-2917. Plaintiff appeals from the judgment.

The sole contention on the part of appellant is that the title to the land was not merchantable, which contention is based upon probate proceedings affecting an undivided sixth interest in the land had in the year 1915. Two points are raised which, it is claimed, render the probate proceedings invalid. The first is that

the county court made an order dated May 19, 1915, fixing June 8, 1915, as the time and the courthouse of the county as the place for hearing the petition for letters of administration, and directing the publication of the notice for three successive weeks; that, while the notice was published on May 20, 27, and June 3, the said order was not filed in the clerk's office until May 27, and therefore, under the provisions of section 317, Rev. Code Civ. Proc. 1903, did not become effective as an order until it was filed, and, there not being a publication of the notice for three weeks after the filing of the order, the county court was without jurisdiction to appoint an administrator or to administer the estate. The second point is of like tenor, and relates to the publication of the notice to creditors. The county court made an order dated June 8, 1915, directing that notice to creditors be given by publication in a designated newspaper for four successive weeks. The notice to creditors was published June 10, 17, 24, and July 1, but the order was not filed until June 23. It is therefore contended that the rights of possible creditors of the estate have not been cut off.

[1, 2] Taking up the first point, the provision of Rev. Prob. Code 1903, in force at the time of the probate proceedings relating to a petition for letters of administration was as follows:

"Sec. 88. When a petition praying for letters of administration is filed, the judge must give notice thereof containing the name of the decedent, the name of the applicant for letters and the day and term of the court at which the application will be heard, which notice must be published by posting or printing in a newspaper, the same as required for notice of the probate of a will."

The requirements for the publication of a notice for the probate of a will referred to in said section 88 are found in section 39, Rev. Prob. Code 1903, viz:

"Sec. 39. * * * Notice of the hearing shall be given by the judge by publishing the same in a newspaper of the county; if there is none, then by three written or printed notices posted at three of the most public places in the county. If the notice be published in a weekly newspaper it must appear therein on at least three different days of publication and if in a newspaper published oftener than once a week it shall be so published that

there must be at least ten days from the first to the last day of publication, both the first and the last days being included. If the notice is by posting, it must be given at least ten days before the hearing."

Appellant relies upon Carter v. Frahm, 31 S. D. 379, 141 N. W. 370, but in that case the county court had made an order directing that the notice must be given by publication once a week for 3 successive weeks, while the notice was only published for 10 days. The proceeding was therefore held invalid. Conceding, as we must, the right of the county court to make an order directing the method of publication, and that when such an order is made it is necessary to comply with it, yet the statutes above quoted did not require the county court to make and file a formal order in that behalf. Therefore, while to become effective an order must be attested by the clerk and filed (Rev. Code Civ. Proc. 1903, § 317; Stephens v. Faus, 20 S. D. 367, 106 N. W. 56), yet, inasmuch as no provision of statute required the making of an order, we conclude that the doctrine of Stephens v. Faus, supra, should not apply to the notice of the hearing of the petition for letters in the matter before us. All that was really required was that the county judge should give the notice. He did give it in one of the methods that the law prescribed, and in accordance with the abortive order. The county court therefore had jurisdiction to administer the estate.

[3] On the second point appellant relies on Union Sav. Ass'n v. Somers, 40 S. D. 177, 166 N. W. 638, wherein it was held that because two of the four publications of the notice to creditors had been made before the filing of the order, the time to present claims was not cut off on December 31, 1916, which date was four months after the first publication, but that a claim presented to the administrator on March 7, 1917, was presented in time. The final decree of the estate here in question adjudged that all debts against the estate were fully paid and satisfied. More than six years had elapsed since the closing of the estate. If there were any creditors they should have petitioned for a new administration. The statutory period of limitations having run since the final decree, and no proceedings having been taken for further administration, it should be conclusively presumed that there were no creditors.

It is not the policy of the law to extend the time indefinitely for creditors to file their claims against the estate of a deceased person. Under the provisions of the law creditors have it in their power to expedite action on their claims. In the first place, we can see no reason in the law why a creditor may not file his claim with the administrator immediately after the issuance of letters of administration, and without waiting for the publication of notice to creditors. But, in case a creditor should be of the opinion that he could not file his claim until such notice were given, he may proceed summarily to compel the administrator to give such notice. In case no other party interested in the estate applies for letters of administration within a reasonable time, then the creditor himself may apply for and receive such letters, and expedite the payment of claims as fast as the law and circumstances will permit. So that there is no excuse whatever why the administration of estates should be delayed by the failure of creditors to assert their claims, and, where a creditor has permitted the full six-year period of the statute of limitations to elapse, then he should be estopped by his laches from asserting such claim.

Again the Legislature in 1919 passed chapter 5, providing as follows:

"All orders of the county courts of this state which were signed in writing by the county judge thereof prior to the taking effect of this act and which have been heretofore attested by the clerk and filed in his office, are hereby declared to be legal, valid, complete and effective as such as of the date on which such orders were signed by the judge of such court, notwithstanding the provisions of section 317 of the Code of Civil Procedure of 1903."

[4] Another act of like purport was enacted in 1921, Chapter 5. We do not determine what effect these acts had as curing the defect in the proceedings in the estate in question discussed under point 1, but we are of the opinion that the Legislature had ample authority to make these acts effective as curing defects pertaining to the notice to creditors. This was a matter solely of procedure. Creditors have no vested right in matters purely procedural.

In this case the Legislature in the first instance might have provided for only two publications of the notice to creditors instead of four. There were two confessedly valid publications.

Therefore the curative act was within the legislative power. Cooley, Const. Lim. ('5th Ed.) 458, says:

"If the thing wanting, or which failed to be done, and which constitutes the defect in the proceedings, is something the necessity for which the Legislature might have dispensed with by prior statute, then it is not beyond the power of the Legislature to dispense with it by subsequent statute. And if the irregularity consists in doing some act, or in the mode or manner of doing some act, which the Legislature might have made immaterial by prior law, it is equally competent to make the same immaterial by a subsequent law."

And again on page 456 Cooley says:

"A party has no vested right in a defense based upon an informality not affecting his substantial equities."

We are therefore of the opinion that the trial court ruled correctly in holding that respondent's title was merchantable, and the judgment is affirmed.

Note.—Reported in 197 N. W. 680. See, Headnote, American Key-Numbered Digest, (1) and (2) Executors and administrators, Key-No. 20(4), 23 C. J. Sec. 150; (3) Executors and administrators, Key-No. 226, 24 C. J. Sec. 2495; (4) Constitutional law, Key-No. 195, 12 C. J. Sec. 791.