CLEVELAND COMMON SCHOOL DISTRICT, Appellant v. HOSMER INDEPENDENT SCHOOL DISTRICT et al., Respondents

(122 N.W.2d 545)

(File No. 10046. Opinion filed July 8, 1963)

**Paul O. Kretschmar,** Eureka, for Plaintiff and Appellant.

**E. S. Haerter,** Roscoe, **H. L. Woodworth,** Ipswich, **F. E. Hohman** Leola, for Defendants and Respondents.

DUNN, Circuit Judge. The appellant, Cleveland Common School District Number Two of McPherson County, South Dakota, seeks a permanent injunction enjoining and restraining the respondents, Hosmer Independent School District Number Thirty-seven of Edmunds County, South Dakota, and Edward Aman, as Treasurer of McPherson County, South Dakota, from interfering with the duties of the officers of the appellant school district; from taking over the assets and moneys of appellant school district; from dissolving the appellant school district and absorbing the same into the Hosmer Independent School District Number Thirty-seven.

It appears from the record that on October 22, 1959, a joint meeting of the Edmunds County Board of Education and the McPherson County Board of Education was held in which a formal resolution was adopted assigning the territory situated in McPherson County which was to be included in the master plan of Edmunds County, South Dakota, for a reorganized independent school district as provided in SDC 1960 Supp. 15.20. Appellant school district, located in McPherson County, was a part of this master plan. Thereafter on February 9, 1960, an election was held at which the electors of the proposed area described in the master plan, voted to determine which of the school districts in the proposed area favored forming such reorganized independent school district. Appellant school district excluded itself from the plan in this election. However, as a result of this election, Hosmer Independent School District Number Thirty-seven of Edmunds County, South Dakota, came into existence as a reorganized school district, and it included territory located in McPherson County. Subsequently twelve qualified electors of the appellant school district petitioned the Edmunds County Board of Education to become a part of the reorganized Hosmer Independent School District Number Thirty-seven. On May 29, 1961, at a meeting of the Edmunds County Board of Education and the Board of the reorganized Hosmer School District Number Thirty-seven, the petition of the electors of appellant school district was received and a decision made declaring said appellant school district a part of the reorganized Hosmer Independent School District Number Thirty-seven. Appellant school district attempted an appeal from this May 29, decision of the board as provided in Section

15.2023 of the South Dakota Code as amended. This appeal was dismissed by the Circuit Court of McPherson County as being untimely and no appeal was taken from the circuit court order.

Subsequently appellant school district commenced this action in the Circuit Court of McPherson County on June 30, 1962, in which it seeks a permanent injunction from absorbing appellant into the Hosmer Independent School District Number Thirty-seven and taking over the assets of the appellant. Hosmer Independent School District Number Forty-one appeared specially and moved for substitution of party defendant for the reason that Hosmer Independent School District Number Thirty-seven had ceased to exist after the May 29, 1961, action of the joint boards, and the new reorganized school district (including the appellant school district) was named the Hosmer Independent School District Number Forty-one; and further moved the court to dismiss the complaint of the plaintiff and appellant here. The circuit court substituted the new party defendant and then dismissed the complaint. It is from this dismissal of the complaint that appellant now appeals to this court.

While appellant raised other questions in its original appeal, the case was narrowed during oral argument to just one issue which can be stated as follows: Was the action of the Edmunds County Board of Education in passing on the petition of electors from appellant school district and proceeding to annex appellant school district to Hosmer Independent School District Number Thirty-seven null and void for the reason that it was not a decision of the joint boards of education of Edmunds and McPherson counties?

Before considering this question we should first determine if a curative statute which became effective on March 13, 1963, (Ch. 473 of the 1963 Session Laws) has supplied the necessary legislative authorization for the action taken by the Edmunds County Board if such authorization did not already exist. The 1963 Legislature passed an act entitled "An Act legalizing, curing, validating and confirming the creation of reorganized school districts and all acts and proceedings related thereto." The pertinent provisions of the statute read:

"Section 1. That all acts and proceedings relating and pertaining to the reorganization of school districts which were organized, reorganized or created prior to July 1, 1962 under the provisions of chapter 8 of chapter 41 of the South Dakota Session Laws of 1955, and acts amendatory thereof, including SDC 1960 Supp. 15.20, and acts amendatory thereof, are hereby legalized, cured, validated and confirmed as of the date when said school districts were organized, reorganized, or created under said chapter 8 of chapter 41 of the South Dakota Session Laws of 1955, and acts amendatory thereof, * * * notwithstanding any irregularity or defect in the organization, reorganization or creation thereof; * * * are hereby declared to have existed as valid school districts under the laws of the state of South Dakota since said organization, reorganization or creation, and all acts necessary to render organization, reorganization or creation thereof legal and valid shall be deemed to have been done as provided by law.

"Section 2. All acts of the officials of such organized, reorganized or created school districts since the dates of their organization, reorganization or creation, and prior to July 1, 1962, are hereby declared legal and valid, notwithstanding any irregularity or defect, other than a constitutional defect, in the organization, reorganization or creation of such school districts.

"Section 3. Provided, however, that the above sections do not apply to acts and proceedings which are presently in dispute and pending as litigation in courts of competent jurisdiction pursuant to the provisions of Chapter 15.20 of the 1960 Supplement to the South Dakota Code of 1939."

The South Dakota Supreme Court in a series of cases has indicated the powers of the legislature to ratify and validate acts by curative statutes which it could have authorized in the first instance. Viland v. Board of Education, 37 S.D. 412, 158 N.W. 906; Alatalo v. Shaver, 45 S.D. 163, 186 N.W. 872; Hodges v. Snyder, 45 S.D. 149, 186 N.W. 867, 25 A.L.R. 1128; Davey v. McShane,

47 S.D. 265, 197 N.W. 680; Grand Lodge A.O.U.W. of North Dakota v. Fischer, 70 S.D. 562, 21 N.W.2d 213; 161 A.L.R. 1466; Otter Tail Power Company v. City of Colman, 80 S.D. 218, 121 N.W.2d 483.

Appellant school district relies solely on Section 15.2006 of the South Dakota Code as amended which reads:

"Any power or duty which a county board or county officer has under this chapter involving reorganization of its own school districts shall be performed jointly by all county boards and county officers of those counties containing territory to be made into joint districts in the reorganization of school districts."

This is a statutory mandate which could have been omitted entirely, or certainly amended to dispense with joint action of the boards of the two counties having territory in the master plan, once the master plan has been adopted pursuant to joint action of the boards and the election held and the independent school district actually organized including territory from both counties. Appellant school district was a part of the original master plan and the joint boards of the two counties had passed on the feasibility of including appellant in the reorganized school district. The power of the legislature in regard to organizing school districts was fully discussed in Viland v. Board of Education, supra. There the court stated:

"The power to pass curative statutes is without any limit except such as is imposed by constitutional restrictions or limitations. * * * The manner of creating and organizing school districts and the boundaries thereof is not limited or controlled by any provision of the state Constitution and is wholly within the legislative power and discretion."

Thus our court has spoken plainly to indicate that the legislature, by curative statute, may give subsequent authorization to acts of the different boards in creating and organizing school districts even though there may have been serious and even jurisdictional omissions in the original proceedings, providing the act omitted could have been dispensed with by prior legislation.

■ Some general question might arise about a curative statute passed on March 13, 1963, controlling litigation which was commenced on June 30, 1962, and actually decided by the circuit court on August 17, 1962. The answer is set forth in Hodges v. Snyder, supra, where the court stated:

"Why is it that the courts hold that curative legislation, enacted after suit brought, or even after judgment and pending appeal, controls the final determination of the action? Simply because such legislation is not an attempted exercise of judicial power, nor an attempt to control or reverse the action of the court, but is a proper exercise of legislative functions, and its effect is simply to remove that which otherwise must control the action of the court. As stated in 2 Lewis' Sutherland, Stat. Constr. 1237: 'It is no objection to a curative act that it validates what has previously been declared invalid in a judicial proceeding. The judgment may furnish the occasion for the act. Of course, the Legislature cannot annul or set aside the judgment of a court, but it may remove a defect from which the judgment proceeded.' "

■■ Further question may arise as to whether Section 3 of the curative statute would exempt the present lawsuit from the statute. "* * * acts and proceedings which are presently in dispute and pending as litigation in courts of competent jurisdiction pursuant to the provisions of Chapter 15.20 of the 1960 Supplement to the South Dakota Code of 1939", must of necessity refer only to the appeal procedure provided in 15.2023 and 15.2344 as there are no other means provided for redress in the courts under this chapter. Consequently it would not cover an injunctive action such as the one in question here. The legislature was under no obligation to exempt any proceedings from this act; it had the power to pass legislation that would have cured all acts of the different boards whether in litigation or not. Hodges v. Snyder, supra. It likewise had the power to limit the type of actions that would be exempt from this curative legislation; this exemption was specifically limited in paragraph three of the act to appeals as provided under Section 15.2023 of the South Dakota Code as amended.

Thus it would appear that the Curative Statute (Chapter 473 of the 1963 Session Laws) which became effective on March 13, 1963, validates the proceedings under which the Cleveland Common School District Number Two became a part of Hosmer Independent School District Number Forty-one. It is therefore unnecessary to consider the questions of alleged irregularities in the proceedings under which this amalgamation took place as it would be immaterial.

The judgment appealed from is affirmed so far as it orders the complaint of appellant Independent School District dismissed.

All the Judges concur.

DUNN, Circuit Judge, sitting for HOMEYER, J., disqualified.