SAMUEL JUDD and another *vs.* EDWIN F. SKIDMORE and others.

January 29, 1885.

**Vendor and Purchaser—Construction of Contract—Time of the Essence.**—A contract for the sale of land on specified terms, and providing, among other things, that the vendor should furnish the vendee an abstract of title, contained this clause, viz.: "This contract to be void if the settlement of this purchase is not had within twenty days from the delivery of the abstract." *Held,* that this clause *per se* makes time of the essence of the contract; that it required the vendee, within 20 days after the delivery of a proper abstract, to signify to the vendor his acceptance of the title; and that if, while making unsubstantial objections to the title shown by the abstract, the vendee failed to so signify his acceptance within the 20 days, his right to demand and require specific performance of the contract was at an end, in the absence of waiver on the part of the vendor.

**Same—Evidence of Situation of Parties.**—*Austin* v. *Wacks*, 30 Minn. 335, followed as to the competency of evidence showing "the relations of the parties and surrounding circumstances," at the time of making the contract, with reference to the question whether time was of the essence of the same.

Plaintiffs, as assignees of defendant Claus M. Dittman, brought this action in the district court for Ramsey county, for the specific enforcement of the contract set forth in the opinion. The action was tried by *Simons, J.,* who ordered judgment for defendants. A new trial was refused, and the plaintiffs appealed.

The certificate of acknowledgment, referred to in the opinion, is as follows:

"*State of Minnesota, County of Ramsey—ss.*

"On this thirteenth day of January, A. D. 1882, before me, a notary public in and for said county, personally appeared" (naming the grantors) "to me personally known to be the same person described in and who executed the foregoing deed, and he acknowledged that he executed the same." [Signature and seal of notary.]

This certificate was appended to a deed given to correct a supposed insufficient description in a former deed, which description (referred to in the opinion) was as follows:

"All those tracts, pieces, or parcels of land, situate in the county of Ramsey and state of Minnesota, described as follows, to-wit: Lot number nine (9) and the north fifty (50) feet of lot number twelve (12,) in block number four (4,) in 'St. Paul Proper,' in the city of Saint Paul."

*Warner & Stevens*, for appellants.

*Williams & Goodenow*, for respondents.

BERRY, J.                    "SAINT PAUL, MINN., May 4, 1883.

"Received this day, of Claus M. Dittman, four hundred dollars, ($400,) part-payment of lot nine, and the northerly fifty feet of lot twelve, in block four, Saint Paul proper, which I have this day sold to him for $9,500, on the following terms:   One half of said amount cash, on the delivery of a good and sufficient warranty deed, and an abstract showing a clear title to the same; the balance in year, secured by a mortgage back on the premises, bearing eight per cent. per year.   This contract to be void if the settlement of this purchase is not had within twenty (20) days from the delivery of the abstract.

"E. F. SKIDMORE.

"By H. S. FAIRCHILD & SON, Agents."

This instrument was, on the day of its date, executed and delivered by Skidmore to Dittman, who at the same time paid $400 thereon. *Per se* the last clause of the instrument makes time of the essence of the contract.   The trial court construed this clause as requiring Dittman, within 20 days after the delivery of a proper abstract of title, to signify to Skidmore his acceptance of the title, and held, in effect, that if, objecting to the title shown by the abstract upon unsubstantial and frivolous grounds only, Dittman failed to so signify acceptance within the 20 days, his right to demand or require specific performance was at an end, in the absence of a waiver on the part of Skidmore.   This construction and holding were entirely correct.   Not only did the contract by its terms make time essential, but it appeared that, when it was entered into, Dittman was explicitly informed that

Skidmore had contracted for the purchase of other real estate, and would require the money to come from the first payment under the contract within the 20 days mentioned, to enable him to complete such purchase, and, in view of this state of facts, the last clause of the contract was inserted therein. The parol evidence by which these facts were made to appear was competent, not for the purpose of altering the contract, but of showing "the relations of the parties and surrounding circumstances." *Austin* v. *Wacks*, 30 Minn. 336.

It is, in effect, found by the trial court that an abstract of title was furnished to Dittman, May 17, 1883; that he objected to the title shown by the abstract, upon the grounds only (1) that a certain acknowledgment was defective; and (2) that it did not appear that a grantor, (Cochran,) who executed one of the deeds in the chain of title without the signature of a wife, was an unmarried man at the time when such deed was executed. Both of these objections were manifestly unsubstantial, and so regarded by the trial court. The first, because, even if the acknowledgment be defective, (which we are not at all prepared to admit,) the deed to which it appertained, and which was given to correct a supposed defect of description in a previous deed, was entirely unnecessary for that purpose; the description (in the previous deed) "in St. Paul proper" was good without any *reference* (by mention) to the *recorded plat* of St. Paul proper. The other objection to the title was equally unsubstantial, because it does not in any way appear that, at the time of the execution of his deed, Cochran was a married man. There is no presumption that he was, and therefore no presumption that the deed was defective for want of his wife's signature. Dittman having made these objections to the title shown by the abstract, instead of signifying his acceptance of the title within the 20 days, his right to a specific performance was at an end, no waiver or extension of time on the part of Skidmore appearing. It follows that the plaintiffs, who claim to have succeeded to Dittman's rights under an assignment of his contract, are not entitled to the specific performance for which they pray. And as this conclusion renders it unnecessary to consider the other questions discussed upon the argument, the result is that the order denying plaintiffs' motion for a new trial is affirmed.