# WILLIAM A. BRENDEMUHL v. JOSEPH SCHWAGER.[1]

May 4, 1923.

No. 23,333.

**Vendor granted time to correct minor defects in abstract of title.**

1. Where a vendor furnishes to the vendee an abstract of title in a real estate deal at the time of the execution of the contract and the vendee retains the same for examination until after default on his part, without objection except as to a minor, immaterial matter, and first specifies his objections to the abstract in his answer to a complaint for specific performance, *held* that the trial court did not err in allowing vendor 30 days in which to correct and explain such defects.

**Specific performance granted.**

2. The evidence was sufficient to support the findings and judgment for specific performance.

[1]Reported in 193 N. W. 455.

Action in the district court for Clay county to enforce specific performance of a land contract. The case was tried before Nye, J., who made amended findings and ordered judgment in favor of plaintiff. Interlocutory proceedings are mentioned in the eighth paragraph of the opinion. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Webber, George & Owen,* for appellant.

*F. H. Peterson,* for respondent.

QUINN, J.

This is an appeal from a judgment for the specific performance of a contract for the sale of plaintiff's farm to the defendant. The defense is based upon the claim that the vendor did not have a merchantable title to the land, that he failed to furnish an abstract of title showing a merchantable title in him, and upon irregularities at the trial. The trial court made findings and directed judgment for specific performance. From the judgment so entered, defendant appeals.

To determine whether the evidence justifies the findings, a pretty full statement of facts becomes necessary. In March, 1921, plaintiff was the owner in fee of the farm in question, consisting of about 590 acres in Clay county, upon which he resided with his family. The defendant was a farmer residing upon a farm in Winona county. Upon the first day of March defendant entered into an agreement for the purchase of plaintiff's farm at $100,385, payable as follows: $1,000 paid at the time of the signing of the agreement; $10,000 April 1, 1921; $18,385 September 15, 1921, and the balance by assuming a mortgage of $70,000 then upon the farm. Defendant was to pay all taxes and assessments levied thereon subsequent to the year 1920, except the first half of the taxes for the year 1921. The plaintiff, upon the defendant's first making the deferred payments, was to convey to defendant the farm in fee simple, clear of all encumbrances except the mortgage of $70,000, by good and sufficient warranty deed, and to give possession September 15, 1921.

Upon demand for the April payment, defendant wrote plaintiff on May 3 as follows:

"Dear Sir: Your letter at hand and in reply must say that I am not in position to handle that deal because the party that was going to buy my farm cannot raise the money so I will have to cancel the contract. I am sorry this happened that way. It is impossible for me to raise any money in the banks so if you will refund me some of the money I paid down it will be appreciated very much.

Res. Yours,

Joe Schwager."

The contract contained the following provisions:

"It is mutually agreed by and between the parties hereto that the time of payment shall be an essential part of this contract," and, "that said parties of the first part shall immediately deliver to said party of the second part abstracts of title to said land brought down to date, which shall become the property of said second party upon the full completion of the terms of this contract, otherwise, they shall be returned to said first parties upon demand."

The contract was prepared by a lawyer. Plaintiff then furnished to defendant abstracts of title brought down to date. Defendant then turned them over to one John Martin for examination. Martin retained them for a considerable time, then delivered them to the attorney for further examination. The attorney reported the title satisfactory, with the exception that it did not appear whether one Conan, who conveyed one lot in October, 1881, was married or single at the time he executed the conveyance.

The court found that plaintiff performed all the conditions of the contract on his part to be done and performed; that on September 17, 1921, he tendered to defendant a warranty deed, policies of insurance, and possession of the farm, and offered to perform all the conditions of the contract as therein provided, and demanded of defendant the amounts due and unpaid thereon, which defendant then and ever since has failed to pay; that plaintiff brought the deed into court and deposited it with the clerk for the use of defendant upon payment of the purchase price of the land, as provided in the contract; that in October, 1921, defendant served an answer to the com-

plaint in which he made certain specific objections to plaintiff's title to the land, which were the first objections ever specified to the title.

In March, 1922, defendant served an amended answer in which he made further specific objections to the title and the general objection that the abstracts showed other defects. That plaintiff was not the owner of the fee title and that he breached the contract at the time of its making. The reply put in issue the allegations of the answer.

The cause was tried and submitted during the first week in April, 1922, and was reopened for further proceedings by order of the court on April 20 and on May 26, and was not thereafter fully submitted until August 3. At the beginning of the trial plaintiff asked the court to require defendant to specify the defects in the title referred to by the general allegation in the amended answer, which was denied. On April 8 plaintiff procured an order to show cause on April 20 why defendant should not specify all the defects which he claimed existed in plaintiff's title, which was required, and the court, in its order, allowed defendant 10 days in which so to do. The court further allowed plaintiff 30 days from the time of the furnishing of such objections, in which to meet and explain the same and thereafter extended such time 5 days. The defendant specified his objections to the title and filed the same with the clerk within the time allowed, and thereafter plaintiff met and explained the objections and caused the abstracts to be extended within the time allowed.

The court, in its findings as amended, found that at the time of the tender of the deed of conveyance by plaintiff to defendant on the seventeenth day of September, 1921, plaintiff did not have a merchantable title to the premises, but was the owner in fee thereof, and that before the final submission of this action, plaintiff's title of record was in all respects merchantable, and shown so to be in the abstracts as amended, and that the deed tendered conveys such a title, subject only to the mortgage of $70,000.

The learned trial judge states in his findings that on March 1, 1921, plaintiff was seized in fee of the premises in question; that on

September 17, 1921, he tendered to defendant a warranty deed, at which time he did not have a merchantable title to the premises, but was the owner in fee thereof, and, before the final submission of this action, his title was in all respects merchantable, and that the deed tendered to the defendant conveys unto him a marketable title, subject only to the mortgage for $70,000. Appellant earnestly urges that the above findings amount to a conclusive finding, that the plaintiff did not have a merchantable title to the premises at the time mentioned for the performance of the contract, nor at the time of the commencement of this action, which precludes a recovery in this action of specific performance. We do not agree with this contention.

While the statements at first reading may seem a little involved, when considered in connection with the abstract showing plaintiff's record title and the defendant's objections thereto as specified, and we find none other, the findings are easy to understand. We read them to mean that at all the times mentioned plaintiff was the owner in fee of the premises, but that the record title thereof was not, upon its face, merchantable on account of some minor irregularities thereon as specified by the respondent, viz:

That it does not appear affirmatively whether one W. J. Conan was a married man at the time he conveyed a part of the premises. This objection does not amount to a defect in the title as there is no presumption that he was a married man. Judd v. Skidmore, 33 Minn. 140, 22 N. W. 183.

Further objection is made that Peter E. Palmer obtained title by deed, and then mortgaged the property as Peder E. Palmer. This mortgage was foreclosed by action in court and none of the steps required for a valid foreclosure appear to have been omitted. Besides plaintiff appears to have acquired title by mesne conveyance.

Another objection is that there was a drainage easement across the premises. The abstract shows that the premises had been assessed for a drainage ditch, but that all the assessments therefor had been paid, and there is no showing that the ditch traversed any part of the premises.

Again, the land was patented to Elisha C. Sprague, who issued three trust deeds to secure certain notes which became due prior to 1877. These deeds provided that, if for any cause the first trustee should not act, the title might be perfected by a second or third trustee. The third trustee was specified as T. W. Green. In 1879 the trust deed was satisfied by Thomas W. Green, as trustee. No other action has ever been taken in relation thereto and both the notes and trust deeds have been outlawed for more than a score of years. Sprague died many years ago, and no attempt has ever been made to enforce payment of the notes. Thus the title so far as it depends upon the bar of the statute of limitations is marketable. Hedderly v. Johnson, 42 Minn. 443, 44 N. W. 527, 18 Am. St. 521; Pratt v. Eby, 67 Pa. St. 396. Complaint is made that Sprague's wife did not join in the trust deed. If Sprague had a wife at the date of the trust deeds, she would be barred from asserting any interest in the premises by Laws 1921, p. 505, chapter 333.

We have examined and considered the title and abstracts with reference to the final decree in the Elling Palme Ousen estate, and the confusion of names in connection therewith, and find no break in the title by reason thereof. No good will follow a further discussion of the title shown by the abstract, as we are satisfied that the view taken by the trial court is substantially correct and that there is little, if any, merit, to the objections urged in relation thereto. The deed tendered by plaintiff was such as to convey to defendant title in fee to the premises in question.

The abstracts were turned over to the defendant at the date of the contract, he turned them over to his friend, Mr. Martin, for examination, who in turn delivered them to an attorney for examination. But one important defect therein was suggested. No serious objection was made to the title until after default on the part of the defendant. Had defendant suggested his objections to the abstracts within a reasonable time, undoubtedly the trial court would have pursued a different course with reference to allowing plaintiff to cure objections after the case was begun. Defendant having had the abstracts in his possession from the date of the contract, and

not having raised or specified any defects of a material character, until in his answer, is deemed to have waived the same. John v. Timm, 153 Minn. 401, 190 N. W. 890. There was no reversible error in the course pursued by the trial court. The record supports the findings and judgment.

Affirmed.