HARVEY G. ROSS v. ANNA K. CARROLL.[1]

June 15, 1923.

No. 23,456.

**Title not unmarketable because grantor in 40-year-old deed is not shown to be married or single.**

1. In an action for specific performance the fact that a deed, which has remained unquestioned for more than 40 years, fails to show whether the grantor was married or single does not render the title unmarketable, as there is no presumption that he was married.

**Satisfaction of mortgage by executor of mortgagee.**

2. That the executor of a mortgagee attempted to transfer the mortgage to himself as an individual and then satisfied it, does not make the satisfaction ineffective.

**Contract not unconscionable.**

3. The facts furnish no basis for the claim that the contract was unconscionable.

[1]Reported in 194 N. W. 315.

Action in the district court 'for Martin county for specific performance of a land contract. The case was tried before Meighen, J., who when defendant rested and when plaintiff rested denied plaintiff's motion for a directed verdict. By agreement of the parties and direction of the court the issue of fraud was submitted to a jury, which rendered a verdict upon that issue in favor of plaintiff. The court subsequently made findings in favor of plaintiff. Defendant's motion for amended findings was denied. From an order denying her motion for a new trial, defendant appealed. Affirmed.

*Haycraft & McCune*, for appellant.

*Frank E. Dougherty* and *Allen & Allen*, for respondent.


TAYLOR, C.

This is an action to enforce specific performance of an executory contract by which plaintiff agreed to sell and convey and defendant agreed to buy a farm of 160 acres in Martin county for the sum of $38,400, being $240 per acre. The contract bears date July 21, 1920, and a copy of it is attached to and made a part of the complaint. By its terms defendant agreed to pay the sum of $1,500 at the execution of the contract, the sum of $8,500 on March 1, 1921, and further agreed to assume two mortgages and a ditch lien then against the land and to secure the balance of the purchase price by executing a third mortgage to plaintiff. The complaint alleged that defendant made the initial payment of $1,500, but failed to make the payment of $8,500 due March 1, 1921, or to execute the third mortgage. Defendant admitted the contract and also the defaults alleged, and then set forth as a defense that she had been induced to enter into the contract by fraudulent misrepresentations concerning the land.

This issue of fraud was tried to a jury who returned a verdict in favor of plaintiff. Defendant acquiesced in this finding without making a motion for a new trial of this issue. The remaining issues were tried to the court some months later who resolved them all in favor of plaintiff and ordered judgment for specific performance of the contract. Defendant appeals from an order denying a new trial.

Defendant contends: (1) That plaintiff's title is unmarketable; (2) that specific performance ought not to be enforced for the reason that the contract is inequitable and unconscionable.

Although defendant, in her answer, admitted plaintiff's title, plaintiff proceeded to prove his title and defendant endeavored to pick flaws in it. It may be well to note that the contract in question differs from the contracts involved in Howe v. Coates, 97 Minn. 385, 107 N. W. 397, 4 L. R. A. (N. S.) 1170, 114 Am. St. 723, and Knudson v. Tresbesch, 152 Minn. 6, 187 N. W. 613, on which defendant relies, in that this contract contains no provisions for furnishing an abstract of title and no provision that the title shall be good of record. But as plaintiff's title is in fact of record, the distinction pointed out is only important as showing that some of the rules applied in those cases are not applicable in this. The contract in question does, however, provide that plaintiff shall convey the property "by a good and sufficient warranty deed," and this obligates him to convey a marketable title—a title good in fact.

1. The first objection urged against the title is that it comes through a deed executed in 1879 in which no wife joined and which contains nothing to indicate whether the grantor was married or single. This objection is disposed of by Judd v. Skidmore, 33 Minn. 140, 22 N. W. 183; and Brendemuhl v. Schwager, 155 Minn. 321, 193 N. W. 455. There is no presumption that the grantor was married, and the lapse of more than 40 years without anyone claiming that he was married gives rise to an inference that he was not.

The second objection to the title is that one Mary J. Palmer died owning a mortgage on the land and that the executor of her will assigned the mortgage to himself and subsequently satisfied it. Defendant urges that the executor could not deal with himself. The title to the mortgage vested in the executor, 1 Dunnell, Minn. Dig. § 3568, and he had authority to satisfy it whether the transfer to himself as an individual was good or bad. The other alleged defects do not require special mention.

2. Defendant contends that plaintiff's demand for specific performance of the contract is inequitable and unconscionable and should be denied on that ground. Courts sometimes refuse to en-

force contracts on that ground. Bredesen v. Nickolay, 147 Minn. 304, 180 N. W. 547. But they cannot do so arbitrarily; nor because they deem the contract unwise; nor because subsequent events disclose that it will result in a loss to the defendant. To justify refusing specific performance on this ground where there is no mistake and the contract was deliberately entered into, it must appear that the defendant has been misled and overreached to such an extent that the contract is unconscionable. Defendant is confronted by the fact that the jury by a special verdict declared that her charges of fraud and misrepresentation were unfounded, and that the court adopted this verdict as a part of its findings and found all other issues in favor of plaintiff. She bases her contention on the claim that the purchase price of $240 per acre greatly exceeded the value of the land and that the interest on the purchase price and the taxes on the land will greatly exceed its rental value. She produced witnesses who placed the market value, at the time of the sale at amounts ranging from $150 to $175 per acre. Plaintiff produced witnesses who placed the value at that time at $240 per acre and higher, and who named actual sales made at higher prices. Land prices were unusually high when the contract was made. All agree that they have fallen greatly since then. We cannot say that defendant was misled or overreached in fixing the price. It may doubtless be taken as true that the rentals from the land will fall far short of paying the taxes on the land and interest on the purchase price, but these were matters which should have been taken into account when making the contract. We find no sufficient ground for refusing to enforce it as unconscionable.

Order affirmed.