FORDHAM TRIANGLE REALTY CO., INC., Plaintiff, *v.* ——— BOYLE, Defendant.

Supreme Court, Bronx Special Term, April 24, 1925.

**Vendor and purchaser — specific performance of land contract under agreement extending time to accept title containing option — determination of zoning restriction prevented purchaser from making selection of option until after expiration of date for transfer of title — purchaser not precluded from specific performance by delay — time not essential element of agreement.**

Plaintiff, purchaser under a land contract, is entitled to a judgment of specific performance, where the date for the transfer of title to the property was

extended, by an agreement in writing containing an option, by reason of the failure to obtain a determination of a question with respect to a restriction against the property under a building zone regulation, and the said determination was not had until three days after the date to take title had passed, though plaintiff exhausted all reasonable attempts to bring about a decision before the expiration date, since equity in the absence of bad faith or inexcusable delay will compel specific performance. Plaintiff, having made a seasonable selection under its option to take title and having demanded performance of the contract, cannot be precluded from specific performance, since time was not an essential element of the agreement extending the time of performance.

ACTION for specific performance of contract to convey land.

WAGNER, J.:

The original contract for the sale of the property in question was entered into on February 1, 1924. Title was to be conferred on the following March third when a payment of $4,000 additional to the $1,000 paid on the signature of the agreement was to be made. Several prior adjournments brought the parties to a conference on March twenty-fourth where certain complications were discussed. It was known at all times that plaintiff's purpose in securing the property was the erection of a garage. On the latter date the report of the title company disclosed the property's subjection to the Zoning Law with a covenant against nuisances. Both parties seem to agree, though contrary to law, that this restriction relieved the purchaser from taking title, and defendant apparently desired to aid the plaintiff in its endeavor to overcome the restriction. This mutual understanding caused the subsequent agreement of March twenty-fourth to be drawn. The three pertinent provisions of this agreement are as follows: " That the closing of title of certain property on the east side of Jerome avenue, Bronx, New York city, under contract between the parties dated February 1, 1924, be, and the same is hereby extended until May 18, 1924." " John F. Boyle agrees that if title is accepted and taken by the Fordham Triangle Corporation on or before the date aforesaid, then and in that event the closing of title in all respects shall be of the date of the actual closing of title; " and " Fordham Triangle Corporation agrees that in the event of their rejection of the title under the contract they will accept from John F. Boyle in full settlement of all damages for any failure on his part to deliver title according to his contract the sum of one thousand ($1,000) dollars, being the amount of the deposit paid by them under the contract for purchase."

This contract was intended as an extension of time until a decision

on the question by the board of appeals was obtained, expected during the intervening period, and confirmed the understanding of the parties that if adverse the plaintiff's taking of title was not to be regarded as compulsory under the contract.   On May nineteenth, the day following the adjourned date, which fell on Sunday, a request was received by defendant's attorney for a further adjournment of thirty days, inasmuch as no decision had then been rendered. The plaintiff's representatives attended defendant's attorney on that date at the latter's office, who refused the request on the ground of lack of authority from his client.   It was then requested that he communicate with the defendant for such permission, and it appears that on the succeeding day he did make such a request and the defendant refused the extension.   On the twenty-second day of May plaintiff's representative again appeared at the office of defendant's attorney, made tender, and demanded a transfer of title. The same was refused, and this action for specific performance was instituted.   While it is true, as defendant asserts, that certain portions of the contract of March twenty-fourth confer evidently an option to plaintiff to accept title or reject with return of deposit made, the agreement is not *per se* an option agreement where time is material and of the essence to the extent that a delay of action beyond the specified date destroys the right of choice.

This agreement is expressly one of extension of time to take title, and has read into it the similar provisions of the original agreement setting a date for closing.   The abhorrence with which courts of equity have viewed forfeiture has been consistent and unrelenting since the early days of chancery and constitutes indeed one of its first efforts to take jurisdiction where alleviation of the compunctions of the law was thought desirable.   Our courts have not deviated from that course.   We find jurisdiction asserted in this State as late as 132 New York, 108, 113, where the Court of Appeals said in *Schmidt* v. *Reed:* " While at law the stipulated time of performance of a contract for the sale and conveyance of land is of the essence of the contract, it is not essentially so in equity, and there, when the situation of the parties and property remains unchanged, relief will not necessarily be defeated by delay.   But where there are no circumstances of acquiescence in the delay, reasonable diligence is requisite to such relief."

And still later, accepted as settled law by the same court in *Lese* v. *Lamprecht* (196 N. Y. 32), the court said: " Where a contract is made for the sale of real property and the time for closing the transaction is not expressly made of the essence of the contract and where it does not appear from the contract itself and the surrounding circumstances that a delay of a few hours or days

would essentially affect carrying out the intention of the parties, courts of equity may in their discretion compel the specific performance of the contract even although the party asking for such specific performance has failed to perform his part of the contract in the exact time specified therein providing such failure has not arisen from bad faith or inexcusable delay."

Whether time is of the essence or not is the only inquiry upon which such jurisdiction is dependent. That must be judged in each case by the circumstances there appearing. Starting with the presumption that ordinarily in equity time is not an essential element of the contract and that equity may relieve of strict performance on the day mentioned, provided the contract does not expressly or by its surrounding circumstances disclose the contrary intention, and further that the failure in punctuality has not been due to bad faith or inexcusable delay, I find that none of these exceptional circumstances are sustained by the evidence and that the rule holds sway, as the inferences point in the opposite direction. The sole reason for the new agreement was to provide sufficient time for obtaining a ruling with respect to the application of the Zoning Law. Nearly two months' extension was granted for that purpose. On the expiring day such decision had not yet been made. The request for the further extension had behind it the same motive theretofore considered by the defendant justifiable when the agreement of March twenty-fourth was signed. Plaintiff exhausted all reasonable attempts to achieve it, and when finally and irrevocably advised of its denial after a short inquiry when defendant's attorney further sought permission from his principal in vain, seasonably made its selection and demanded performance.

Judgment is accordingly awarded to plaintiff. Submit proposed findings and judgment.