ANNA SIDOR *v.* KERSTENA KRAVEC

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND COMLEY, JS.

Argued April 6—decided June 7, 1949.

*Arthur Levy, Jr.,* with whom were *Irwin E. Friedman* and, on the brief, *Samuel E. Friedman,* for the appellant (plaintiff).

*Robert J. Woodruff*, for the appellee (defendant).

ELLS, J. The plaintiff brought this action for the specific performance of an alleged agreement to sell real estate and, in the alternative, for damages. The defendant pleaded a general denial and a special defense to the effect that she was an aged and illiterate woman, that she executed a written memorandum of agreement under misrepresentation by the plaintiff and the latter's agent that the purchase price was other than the sum actually written therein, that the plaintiff and the agent harassed her to such an extent as unduly to excite her nervous state and unduly to influence her execution of the alleged agreement, and that the alleged agreement was null and void. A counterclaim adopted the allegations of the special defense, alleged that the plaintiff had occupied the property without right or title, claimed damages for such occupancy, and asked that the alleged agreement be declared void and for a judgment for the possession of the premises. The court found the issues for the defendant on the complaint and counterclaim and directed that judgment be entered that the plaintiff surrender possession of the property to the defendant and that the latter recover $500 damages for use and occupancy. The plaintiff has appealed from the judgment.

The facts found, subject to certain corrections we have made, may be summarized. The defendant owned real estate in Bridgeport. The plaintiff, accompanied by a real estate agent, called on her at her daughter's house in Orange, and at the close of a lengthy conversation the defendant placed her mark on a receipt which read as follows: "June 29, 1946. Received of Anna Sidor One Hundred Dollars Deposit on Property 40 Rockland Street $100. Purchase price

6000 net. X Kerstena X Kravec." The receipt was witnessed by Jerome Comlish. The plaintiff paid the stated sum in cash. The defendant was seventy-nine years of age and in poor health, had bad eyesight, was illiterate and was entirely unfamiliar with business transactions. She did not understand that the paper was a contract to sell the Rockland Street property but supposed that she was accepting an offer for the property which was not to become final until the plaintiff had a chance to inspect it and until the defendant had talked with her daughter, with whom she lived. The witness Comlish was not present when the mark was affixed. No copy was given to the defendant. The plaintiff was given the keys to the house so that she might view the premises to see whether she wished to buy the property. She promised to return the keys promptly; instead she immediately moved into the first-floor apartment, resisted all efforts of the defendant to retake possession, and was still occupying the premises at the time of the entry of final judgment on March 3, 1948. The defendant continued to pay the insurance, taxes, interest on the mortgage and water rates. In the meantime, soon after the receipt was given, the defendant withdrew all offers to sell the property and demanded the keys. Sometime thereafter she returned the $100 payment, but the plaintiff sent it back to her.

The plaintiff contends that the court found that the parties entered into a valid contract of sale and claims that upon the facts of the case she was entitled to a judgment for specific performance. Even if there was a valid contract of sale, it does not follow that the plaintiff was entitled to a decree of specific performance. "Applications of this character are addressed to the discretion of the court and will not be granted unless the contract is made according to the requirements

of the law, and is fair, equitable, reasonable, certain, mutual, on good consideration, consistent with policy, and free from fraud, surprise or mistake." *Patterson* v. *Bloomer,* 35 Conn. 57, 63; *Platt* v. *Stonington Savings Bank,* 46 Conn. 476, 478; *Hurd* v. *Hotchkiss,* 72 Conn. 472, 480, 45 A. 11; *Griffin* v. *Smith,* 101 Conn. 219, 222, 125 A. 465. In the present case the trial court was justified in finding that in several respects the requirements were not met. It found that no evidence was offered to show that $6,000 was a fair price, that the plaintiff had tendered the balance of the purchase price or that she was financially able to pay it. It also found that the defendant did not understand that the memorandum evidenced a contract to sell but thought that it was a preliminary paper which might result in a sale. The age, condition of health and business inexperience of the defendant were factors which a court of equity was entitled to consider. We cannot say that the trial court abused its discretion in refusing to order specific performance.

The plaintiff contends that, if she is not entitled to specific performance, judgment for damages should have been rendered in her favor. She claims that the evidence established the fair market value of the premises to be $7000 and that she is entitled at least to the difference between that sum and the contract price of $6000. There is no finding or request to find that the market value was $7000.

In its original memorandum of decision, the court stated: "A supplemental judgment will be entered covering damages for use and occupation of the premises and for costs if the parties are unable, on the basis of the above broad finding, to compose all disputes between them." The defendant thereafter moved for a supplemental judgment covering damages and represented that the evidence showed the reasonable rental

value to be $25 a month. A few days later the court filed a memorandum directing that the judgment be amended to include damages for occupancy in the amount of $500. The plaintiff claims that she was given no opportunity to be heard upon the motion for supplemental judgment. There is nothing in the record to support this claim. The supplemental judgment must stand, if at all, upon evidence produced at the trial. The parties paid scant attention to this issue. There is very little evidence on the point. For an indefinite time before the transaction in question, the ground floor was the defendant's home, although during the last years she did not stay there continuously; then at the time of the transaction the plaintiff went into occupancy and paid no rent. Any renting of the ground floor must have been in the distant past. The broker testified that the defendant had received $22 for the upstairs rent, but he could not say how much it was worth at the time of the trial. There is not sufficient testimony to justify a definite award for the rental value of the first-floor apartment while the plaintiff was occupying it.

There is error in part, and a new trial, limited to the sole issue of damages on the counterclaim, is ordered.

In this opinion the other judges concurred.