## ANTHONY CALANDRO v. SPENCER J. KOONS ET AL.

SUPERIOR COURT          FAIRFIELD COUNTY          FILE No. 78201

Memorandum filed December 22, 1951.

*Frederick F. Ehrsam,* of Bridgeport, for the Plaintiff.

*Norris Rossinoff,* of Bridgeport, for the Defendants.

CORNELL, J. It appears that on May 24, 1948, plaintiff and defendants, the latter of whom are husband and wife, entered into an agreement in writing whereby the defendants undertook to sell and convey to plaintiff a certain piece of land with a one-family dwelling thereon designated as No. 52 East Laughlin Road in Stratford, in this state, for the sum of $11,250 subject to a mortgage in the amount of $5500, upon which price a recited deposit of $500 paid by plaintiff applied. The premises are particularly described in paragraph 1 of the complaint. In the writing, it was stipulated: "All cash above mortgage and deposit to be paid within 30 days from the date hereof and the transaction is to be completed and deeds executed. All adjustments are to be made as of the date of the delivery of the deed."

Defendants had owned and occupied the premises with their family since 1941, as their home. For a number of months preceding the date of the agreement referred to, defendant Spencer J. Koons was afflicted with a bladder condition which later resulted in the removal of two tumors. During that period and on the day of the contract of sale, he was required to travel long distances by automobile in connection with his employment, which frequently caused him to be delayed in his arrival home long past the time for his evening meal. Often, he was subjected to very distressing symptoms while en route in his car. The condition becoming almost intolerable, defendants agreed that the Stratford home should be sold and another procured nearer the places of his employment activities. In pursuit of this plan, they advertised the property for sale in a Bridgeport newspaper, following which plaintiff applied to purchase the same.

In the negotiations which then ensued, defendants did not inform plaintiff of the factor of Mr. Koons' physical condition in their desire to effect a sale of the property but told him that

the reason for selling was that they wished to obtain a house "nearer his [Mr. Koons'] work and would like to get there as soon as possible." Defendant Spencer J. Koons explicitly stated that he was desirous of locating near his employment by July 1, 1948, and of having "everything settled by that time," to which plaintiff answered that "he would give [him] a very quick sale"; that "it would take two weeks or if there were any difficulty they would have the money by the 24th of June." It was then agreed that the consideration should be paid and the deed delivered "within 30 days from date" (i. e., June 24, 1948) as the written contract provides. Within two days following the execution of the agreement, plaintiff took the latter to his attorney, who promptly retained the services of a person skilled in that work to make a search of the title of the premises. Apparently due to a great load of work the latter was unable to complete an abstract, or prepare to compose one, before June 24, 1948. Though the defendants had not executed a deed to the property for delivery to plaintiff, defendant Spencer J. Koons remained at home on the date fixed for performance of the contract (viz., June 24, 1948) and, hearing nothing from plaintiff, contacted the latter by telephone in the evening of that day. After some conversation in which he called attention to the fact that the agreement called for performance on June 24, 1948, he informed plaintiff that the "deal was off" and that he (plaintiff) would "lose his deposit." Between the date when the agreement was executed and that specified therein for its performance, plaintiff had contacted his attorney on several occasions, asking him to insist upon the completion of the examination of the title to the property without further appreciable delay, and did so again immediately following defendant Spencer J. Koons' notice to him that he would not consummate the transaction. Upon then learning that the search of title would be concluded in the early afternoon of June 28, 1948, plaintiff informed defendants or either of them or their attorney of that fact and that he would be prepared to "close" in the afternoon of that day. Defendants, however, refused to perform their part of the contract, whereupon plaintiff instituted the present action, demanding a decree of specific performance and damages.

During the trial, it became manifest that defendants' principal contention was that time was of the essence of the contract which, it is claimed, justified the defendants in refusing to convey the property involved after June 24, 1948. Whereupon,

the defendants were permitted, without objection on the part of counsel for plaintiff, to file a special defense so alleging. According to many early authorities, the time stipulated for the performance of a contract is of its essence at common law. *Janulewycz* v. *Quagliano*, 88 Conn. 60, 63; 17 C. J. S. 1069. In equity, however, as a general rule, time is not regarded as of the essence of a contract. 17 C. J. S. 1069. The tendency of the later authorities at law, as well as is equity, however, is to regard the question as one of the intent of the parties to a written instrument and to hold that time is not of the essence unless made so by express stipulation, or unless there is something in the nature or connected with the purpose of the contract and the circumstances surrounding it which makes it apparent that the parties intended that the contract must be performed at or within the time named in it. 17 C. J. S. 1070; 66 C. J. 692. Examples of contracts of such a nature that time will be considered of the essence without a specific provision to that effect are: (Option contracts) *Murphy* v. *Schuster Springs Lumber Co.,* 215 Ala. 412; *Rounds* v. *Owensboro Ferry Co.,* 253 Ky. 301; *Lane* v. *Nunn,* 211 Mo. App. 280; *Kotcher* v. *Edelblute,* 250 N. Y. 178; *Garfield Oil Co.* v. *Champlin,* 78 Okla. 91; *Andersen* v. *Brennen,* 181 Wash. 278; (mercantile contracts for the sale of goods, manufactured articles and the like) *Bashaw Co.* v. *Pinkham Co.,* 77 Cal. App. 591; *Penn Oil Co.* v. *Triangle Petroleum & Gasoline Co.,* 136 Md. 559; (instances where the value of the subject matter of a contract is fluctuating or speculative) *Henry Cotton Mills* v. *Shoenig & Co.,* 33 Ga. App. 467; *Nelson* v. *Hamra,* 127 Okla. 141; (contracts in which successive parts of the same transaction relate to others or refer in such a way that the performances of those later in time are necessarily dependent on one or more prior thereto) *Owen* v. *Giles,* 157 F. 825, 85 C. C. A. 189. For the purposes of the instant case it is unnecessary to pursue further the identity of the class of contracts the nature of which indicates that time may be innately of the essence of a contract without any express provision to that effect since the present is not within same.

The matter at hand is in equity and involves a purchase and sale of real estate. In some cases in equity it has been held without qualification that time is not of the essence of a contract for the sale of land in the absence of a provision specifically so stipulating. *Higgins* v. *Eagleton,* 155 N. Y. 466; *Schifferdecker* v. *Busch,* 130 Misc. (N. Y.) 625; *Rosenblatt* v. *Bergen,*

202 App. Div. (N. Y.) 220; *Dennett* v. *Norwood Housing Assn.*, 241 Mass. 516, 520. However, in equity, as well as at law, the better, and, it is believed, prevailing rule is that whether or not time of performance is to be regarded as of the essence is a matter of contractual intent to be determined by construing the written agreement in the light of the situation of the parties and the circumstances surrounding them when the contract was executed, 66 C. J. 692. Within the contemplation of this test, in the absence of a specific expression so providing, time of performance may be ascertained to be of the essence of a contract in any of the following several ways: (a) because such an intention is implied in the language employed; (b) by reason of the intention manifest when the contract is considered in the light of the circumstances surrounding the parties when they executed it; and (c) a separate agreement to that effect, written or by parol, not varying or conflicting with the writing involved. 55 Am. Jur. 589, § 113.

The contract here under examination is, admittedly, without any express statement that time is of the essence of performance by any of the parties to it. Nor is there anything contained therein implying such an intention. A usual provision from which such an implication is derivable, in the absence of any express term, is to the effect that if the payments are not made on the dates specified the contract shall be null and void and the rights of the vendee thereunder shall be forfeited. Nor is there any provision that the vendor may claim a forfeiture if the terms and conditions of the contract are not complied with on the date specified. *Cushing* v. *Levi*, 117 Cal. App. 94, 104. The intent to make time of the essence, where specific words are not employed to express it, "must be clearly, unequivocally and unmistakably shown." *Miller* v. *Cox*, 96 Cal. 339, 345. To substantially the same effect, *Ellis* v. *Bryant*, 120 Ga. 890, 893; *Jewett* v. *Black*, 60 Neb. 173, 179; *Hardy* v. *Ward*, 150 N. C. 385; *Droppers* v. *Rand*, 208 Wis. 681, 686; *Hamilton* v. *Newbold*, 154 Va. 345, 354.

Mainly to indicate that the court has not overlooked it, it is noted that the contract here under advisement contains the following clause: "The buyer agrees that in the event that he is unable for any reason to complete said sale unless due to a defective title or the seller's refusal to transfer, he agrees said deposit may be retained by the broker as liquidated damages. We further agree that in the event of default by the buyer in re-

fusing to close any transaction pertaining to said property that the said Anthony's Real Estate may retain ($\frac{1}{2}$) of any deposit held by him as our Agent." The agreement constituting a memorandum of the transaction was a printed form used by the plaintiff in instances in which he acted as a broker in buying and selling real estate. In the present instance he was a purchaser and tried to adapt the printed form to express that purpose, neglecting, however, to strike out the paragraph quoted supra. There was, therefore, no commission to be paid to him nor by him to any other party and no broker to hold the deposit of $500 paid by him as earnest money to the defendant sellers. The latter was paid to and is held by defendants. Consequently, there was no occasion for "the broker" to retain such deposit as liquidated damages in case of the purchaser's (plaintiff's) default. Other than the provision quoted, which is plainly not related to the agreement made by vendors and purchaser acting as principals, there is nothing in the agreement even remotely suggestive of a provision for a forfeiture or that it was intended that the agreement would be null and void if not performed on the day specified in it; hence no basis upon which to predicate a conclusion it was implied that time was of the essence of performance of any of the parties to the contract. Again, there is no evidence suggestive of a separate agreement to the effect that time was to be of the essence of performance on June 24, 1948, and none is pleaded by defendants.

The situation of the parties and the circumstances surrounding the execution of the contract are detailed supra. Nothing can be discovered in them efficient to change the intention expressed in the written agreement to one in which time is of the essence. Though as a group they are not particularly instructive on the precise question, the following cases may be examined: *Kirk* v. *First National Bank*, 132 Kan. 404; *Diamond* v. *Shriver*, 114 Md. 643; *Mansfield* v. *Wiles*, 221 Mass. 75; *Judd* v. *Skidmore*, 33 Minn. 140; *McQuary* v. *Missouri Land Co.*, 230 Mo. 342; *Reads* v. *McKenna*, 99 N. J. Eq. 764, aff'd, 101 N. J. Eq. 304; *Fordham Triangle Realty Co.* v. *Boyle*, 125 Misc. 324; *Hardy* v. *Ward*, 150 N. C. 385.

The conclusions reached are that the contract in question contains no express or implied provision that time was of the essence in its performance; that no separate agreement to that effect was made or pleaded and that the evidence reveals nothing in the situation of the parties or the circumstances surrounding

them in entering into the contract in the light of which it could reasonably be found that the agreement, read in the light of these factors, could be said to have had such an intendment. "The law is that a day fixed in a contract for closing title, without more, is merely formal; but if it is stipulated that time is of the essence, or the circumstances are persuasive that that is the case, prompt performance is essential, and it is also the law that where the time fixed is regarded as a formality only, and the period has gone by, or where time is of the essence and there is a waiver, that time may nevertheless be made of the essence by formal demand that the title be closed by a given day; but the time given must be reasonable." *Orange Society* v. *Konski,* 94 N. J. Eq. 632, 635. Of course, "The fact that a contract sets a date for the closing of a transaction does not of itself make time of the essence of the contract." *Droppers* v. *Rand,* 208 Wis. 681, 686.

It would be pointless to discuss the allegations of the other "special defense." It may be observed, however, that since time was not of the essence of the agreement it is immaterial whether defendants had made preparations to vacate the premises on June 24, 1948, or not. The evidence is that plaintiff was prepared to consummate the transaction on June 28, 1948, and there is nothing to indicate that the lapse of four days beyond the date fixed in the agreement for performance added anything to any expense to which the defendants had gone in readying themselves to give occupancy of the premises on June 24, 1948. It is likewise immaterial, if true, that the plaintiff, at defendants' request, failed to inform them of the place where the deed was to be delivered and the consideration paid. The plaintiff was under no obligation but to be ready, willing and able to perform when the agreement required, which, in view of the fact that time was not of the essence, became within a reasonable time following the day appointed in the written memorandum. *Stierle* v. *Rayner,* 92 Conn. 180, 185. The defendant Spencer J. Koons dispensed with the necessity of even this when he informed plaintiff that "the deal is off." *Didriksen* v. *Havens,* 136 Conn. 41, 47. "The law does not require an act that would be a mere futility." *Tracy* v. *O'Neill,* 103 Conn. 693, 699.

The counterclaim demands no discussion. It predicates on the premise that plaintiff was obligated to pay the consideration and accept the deed to the premises on June 24, 1948, which, as already indicated, was not so in the face of the fact that time

was not of the essence of the contract. The conclusions reached demand that all issues formed by the pleadings be determined in favor of plaintiff.

As relief, a decree of specific performance and damages of $5000 are demanded. Applications for specific performance are addressed to the discretion of the court. *Sidor* v. *Kravec,* 135 Conn. 571, 574. The contract sought to be specifically enforced is "fair, equitable, reasonable, certain, mutual, on good consideration, consistent with policy, and free from fraud, surprise or mistake," the taint of any of which considerations would incline a court of equity to refuse equitable relief. *Sidor* v. *Kravec,* supra. In fact, the only hardship or inconvenience to which the defendants may be subjected by the issuance of a decree arises not out of the agreement or the plaintiff's conduct but from their own action in precipitately and unjustifiably repudiating their own obligation, when, if they were intent on bringing the transaction to an early close after June 24, 1948, they could have accomplished that object by notifying the plaintiff that the deed must be accepted and the consideration paid on some specified day within a reasonable period following June 24, 1948, as to which time would be of the essence. *Orange Society* v. *Konski,* supra, 635. In the absence of any of the characteristics of the contract referred to supra or a situation where a decree of specific performance would impose undue hardship or inconvenience upon the defendants, "courts of equity . . . hold, as a general rule, that when a contract for the sale of real estate has been fairly entered into, the party contracting to sell, as well as the party contracting to buy, is entitled to have it specifically performed." *Hodges* v. *Kowing,* 58 Conn. 12, 21. In fact, no basis upon which adequately compensatory damages could be computed, as an alternative to a decree of specific performance, exists in the evidence. The complaint does not specifically claim damages for use and occupation of the premises by defendants following their refusal to perform by making a conveyance pursuant to the contract. The only evidence adduced concerning the rental value of the premises was offered and received as material to the value of the property only. The situation in that respect is, therefore, not within the rule announced in *Andrew* v. *Babcock,* 63 Conn. 109, where the court had evidence before it of an agreement on defendant's part to pay rent for a portion of the premises involved at an agreed rate for the period intervening between the date of the agreement and the conveyance. In this case

there is no evidence before the court on that score and none from which the value of the reasonable use and occupation as such can be determined.

The agreement obligates the defendants to transfer to plaintiff "screens, storm windows and a gas stove." These have not been mentioned because that part of their undertaking may not be specifically enforced for the reasons noted in *Anderson* v. *Yaworski*, 120 Conn. 390, 395. Moreover, the court understands that plaintiff, during the trial, waived any such claim.

The decree is that on or before the first day of February, 1952, the defendants execute and deliver to the plaintiff a warranty deed, containing all the usual covenants in such deeds contained in the state of Connecticut, conveying the premises described in paragraph 1 of the complaint in fee simple, subject only to a first mortgage in the sum of $5500 and otherwise free and clear of all incumbrances of every species, upon which, and concurrently with the delivery of which, plaintiff shall pay to the defendants the sum of $11,250, from which a deposit made by plaintiff in the sum of $500 shall be deducted, and subject, also, to the usual adjustments of taxes, insurance, interest and water rents.

In case defendants shall not have made conveyance prior thereto, in accordance with this decree, the parties shall meet at the office of the clerk of the Superior Court for Fairfield County at 10 a. m. on February 1, 1952, which office is located in the county court house in Bridgeport, for the delivery of the mentioned deed and the payment of the consideration.