[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
After four days on trial this Court was impressed with the defendant, though advanced in years, as an alert, intelligent and aggressive person. She fully understood the contract and all its terms. She had ample opportunity to discuss and review the contract with whomever she wished and in fact was encouraged to take it to her attorney by the plaintiff, Charles Koch.
It was the defendant's idea to sell the property and had encouraged Charles Koch for some time to buy it. He originally wanted only ten (10) acres and picked the least desirable land to make it affordable. The plaintiffs took a second mortgage on their home for a maximum of $75,000. They gave the plaintiff $65,000 and kept $10,000 for development costs.
The defendant did not like the configuration of the ten (10) acre proposal and insisted on the plaintiffs taking a larger piece. The plaintiffs were willing to pay the same either way. As was shown at trial the $65,000 was not unreasonable. The testimony was that the best use for this parcel was as a single family lot. (Exhibit "H", Mr. CT Page 3390 Dallaire). In addition, the defendant was happy that deserving people upon who she could rely would be her neighbors.
The defendant's change of heart (or mind) was pure and simple petulance. The plaintiffs put a great deal of time and effort into this project without any guarantees they could use it. They cleared the land, commissioned a survey and test holes. They retained an architect and secured town approvals.
Our courts have stated that specific performance of agreements to sell land are addressed to the discretion of the court, Robert Lawrence Associates, Inc. v. Del Vecchio,178 Conn. 1, 18-19 (1979) which states the court must determine upon the facts and under the circumstances whether the contract is fair, reasonable, on good consideration, free from fraud, surprise or mistake and made according to the requirements of the law. Sidor v. Kravec, 135 Conn. 571,573-74 (1949). This Court so finds in this case.
This Court feels the highest and best use of the property is for a single family house lot which would satisfy the defendant's wishes. The price paid is certainly in the range of the appraisal of Mr. Dallaire (Exhibit 17).
All things considered equity and justice demand that specific performance be granted.
SCHEDULE A
 A certain piece or parcel of land located on the westerly side of Baxter Road in the Town of Mansfield, County of Tolland and State of Connecticut, and being more particularly described and bounded as follows:
 Beginning at a point on the westerly side of Baxter Road in said Town of Mansfield, said point being 689.77 feet Southerly from Connecticut Route 195 as measured along Baxter Road, which point marks the Southeasterly corner of land now or formerly of Arthur C. Bobb and the Northeasterly corner of the land herein described; the line runs thence S 79 27' 45" W 486.64 feet along the land now or formerly of said Bobb to an iron pin; thence the line continues along the land of said Bobb N 03 10' 55" E 124.22 feet to an iron pin; thence N 35 16' 55" W 61.67 feet to an iron pin; thence N 08 45' 45" W 388.80 feet to an iron pin; thence N 48 CT Page 3391 21' W 165.08 feet to a monument; thence N 70 59' 35" W 126.24 feet to a point; thence N 73 53' 10" W 300.34 feet still along the land of Arthur C. Bobb to a monument and land now or formerly of Paul G. Merrow; thence the line runs Southerly 750 feet more of less along land now or formerly of Paul G. Merrow to a point at land of the Grantor herein; thence Southeasterly 1020 feet more or less along land of the Grantor herein to a point; thence Easterly 500 feet more or less along land of the Grantor herein to Baxter; thence Northerly 550 feet more or less along Baxter Road to the point and place of the beginning.
Said parcel contains 17 and 1.2 acres more or less.
DUNN, J.