[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter came before the court on the Hearings in Damages calendar. The court finds from the evidence presented that the defendant, Joseph Sorcinelli, after taking a deposit of $145,333.19 on a contract which required him to construct a house for the plaintiff, Maureen B. Collins, on a lot owned by the defendant, breached the contract by failing to build the house in a timely fashion. The court also finds that the defendant made many false representations upon which the plaintiff relied to her detriment. The plaintiff is seeking money damages as well as specific performance of the real estate contract and asks the court to enter a decree conveying the house and lot to her. The court finds that the contract is valid, and is fair, equitable, reasonable, certain, mutual, on good consideration, consistent with policy, and free from fraud, surprise or mistake; see Sidorv. Kravec, 135 Conn. 571, 573, 574, 66 A.2d 812 (1949); and that the plaintiff, from all the evidence, is entitled to specific performance upon the defendant's breach. The court will enter a CT Page 14981 decree conveying the subject real property of the defendant to the plaintiff.
It is within the court's discretion to award damages incident to a decree of specific performance, depending upon the equities of the case and based on reason and sound judgment. Allen v.Nissly, 184 Conn. 539, 546, 440 A.2d 231 (1981). As a direct result of the defendant's breach of contract, plaintiff incurred costs and, expenses; in, addition, there is a substantial cost to complete the house; and the property will be received by the plaintiff subject to some $1,200,000 in encumbrances, consisting of mortgages, judgment liens, mechanics and other liens. The total damages incurred by the plaintiff are shown on the plaintiffs summary of damages (Exhibit 14) and amount to $1,453,796.10, less the sum of $436,000 representing the contract purchase price which the plaintiff had agreed to pay, resulting in net damages of $1,017,796,10.
The plaintiff also claims punitive damages under the Connecticut Unfair Trade Practices Act (CUTPA), Connecticut General Statutes § 42-110a. The court finds that the actions of the defendant in his misrepresentations to the plaintiff violated the provisions of CUTPA and that the plaintiff is entitled to punitive damages under C.G.S. § 42-110g(a). Counsel for the plaintiff has submitted an affidavit of attorney's fees and expenses in the amount of $16,972.50 which the court finds to be fair and reasonable.
Accordingly, the court orders a decree conveying the property described therein from the defendant Joseph Sorcinelli to the plaintiff Maureen B. Collins. The court awards compensatory damages in the amount of $1,017,796.10, and punitive damages in the amount of $16,972.50, plus costs.
So Ordered.
D'ANDREA, J.